UNITED STATES of America, Appellee,

v.

Walter WHITE, Jr., Appellant.

No. 88–1379.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 15, 1988.

Decided Feb. 27, 1989.

Olly Neal, Marianna, Ark., for appellant.

Michael D. Johnson, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and BOGUE,* Senior District Judge.

McMILLIAN, Circuit Judge.

Walter White, Jr., appeals from a final judgment upon a jury verdict entered in the District Court[1] for the Eastern District of Arkansas finding him guilty of conspiring to intentionally damage or destroy a residence by means of fire in order to obtain money from an insurance company in violation of 18 U.S.C. § 371 and 18 U.S.C. § 844(h) and mail fraud in violation of 18 U.S.C. § 1341. The district court sentenced White to a total of eleven years imprisonment and $3,500 in fines.

For reversal, White argues that the district court erred in failing to grant his motions to suppress certain oral statements because (1) the statements were inadmissible under the Federal Rules of Evidence and (2) the statements were obtained in violation of his sixth amendment right to counsel. For the reasons discussed below, we affirm the decision of the district court.

White's residence burned on September 12, 1988. At trial the parties stipulated that John Henry Adams set the fire that destroyed White's residence. Before White was indicted, Adams had confessed to setting the fire and agreed to work with the FBI. Wearing a concealed tape transmitter, Adams approached White on June 18, 1987. During their conversation White made numerous incriminating statements. On June 24, 1987, Adams and White again met and Adams again recorded the conversation.

On September 21, 1987, White was charged with the ten counts of arson, conspiracy, and mail fraud upon which he was ultimately convicted. The district court denied pretrial defense motions to suppress the taped conversations. The taped conversations between White and Adams were admitted into evidence over defense objections.

Application of Federal Rules of Evidence

White argues that the tape-recorded conversations were improperly admitted as co-conspirators' statements under Fed.R. Evid. 801(d)(2)(E). White argues that Rule 801(d)(2)(E) does not apply to the tape-recorded conversations because the conspiracy had ended before the tapes were made. Had the district court relied upon Rule 801(d)(2)(E) for the admissibility of the tapes, White's analysis would be correct.

The district court admitted the tape-recorded conversations as either a statement against interest pursuant to Fed.R. Evid. 804(b)(3) or an admission of a party opponent pursuant to Fed.R.Evid. 801(d)(2)(A). Because the tape-recorded conversations are admissible as admissions of a party opponent, we need not consider the alternate ground of admissibility.

Rule 801(d)(2)(A) provides:

A statement is not hearsay if— ... (2) The statement is offered against a party and is (A) the party's own statement in either an individual or representative capacity.

Because White's statements fall squarely within Rule 801(d)(2)(A) and are thus not hearsay, the district court properly admitted the tape-recorded conversations into evidence as admissions.

---

\* The Honorable Andrew W. Bogue, Senior United States District Judge for the District of South Dakota, sitting by designation.

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

Sixth Amendment Right to Counsel

White argues that his sixth amendment right to counsel was violated because he was a target of investigation at the time of the conversations and that because Adams was cooperating with the government, the tape-recorded conversations were obtained unlawfully.

White relies on *Massiah v. United States,* 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964) (*Massiah*). *Massiah* held that incriminating statements deliberately and surreptitiously elicited by federal agents from a defendant who had retained a lawyer and was free on bail after indictment could not be used at trial because obtaining the statements violated the defendant's sixth amendment right to counsel. White's reliance on *Massiah* is misplaced because in *Massiah,* unlike the instant case, the defendant had already been indicted. Because White had been neither arrested nor indicted at the time the tape recordings were made, he had no sixth amendment right to counsel. *Flittie v. Solem,* 775 F.2d 933, 943 (8th Cir.1985) (banc), *cert. denied,* 475 U.S. 1025, 106 S.Ct. 1223, 89 L.Ed.2d 333 (1986).

Accordingly, the judgment of the district court is affirmed.