29 F.3d 630
 RICO Bus.Disp.Guide 8609
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CAPITOL INDEMNITY CORPORATION, Plaintiff-Appellee,
v.
Calvin H. CANON, aka "Cal" Canon; Virgil R. Fuller, aka
"Rennie" Fuller, Defendants-Appellants.
CAPITOL INDEMNITY CORPORATION, Plaintiff-Appellant,
v.
Calvin H. CANON, aka "Cal" Canon; Virgil R. Fuller, aka
"Rennie" Fuller, Defendants-Appellees.
 Nos. 93-35065, 93-35111.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 8, 1994.
Decided June 22, 1994.
 
 Before: WRIGHT, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Calvin H. Canon appeals a judgment in favor of Capitol Indemnity Corp. after a jury trial on Capitol's claims against Canon for fraud and misrepresentation, and for absolution of duties owed to Canon on an insurance policy covering damage to a commercial property on which Canon held a mortgage. Capitol cross-appeals the district court's refusal to give Capitol's requested "closed-ended" jury instruction on its claim for treble damages under the Racketeer Influence and Corrupt Organization Act (RICO), 18 U.S.C. Sec. 1861 et seq. (1991). We reverse and remand for a new trial.
 
 CANON'S APPEAL
 
 3
 Based on the taped conversations between Canon, Virgil Fuller and Clinton Thompson, the statements in the letter Thompson wrote and mailed to himself, and other evidence in the case, a reasonable juror could have concluded Canon participated in a scheme to defraud Capitol by burning down the Aloha Lounge to collect the insurance proceeds. Canon argues, however, that the district court erred in admitting the tapes and the Thompson letter into evidence, and this so prejudiced his case that he is entitled to a new trial.
 
 
 4
 Fuller's and Canon's statements on the tapes qualify as admissions under the Federal Rules of Evidence. See Fed.R.Evid. 801(d)(2)(A), (B); United States v. Kenny, 645 F.2d 1323, 1339-40 (9th Cir.), cert. denied, 452 U.S. 920 (1981). See also United States v. White, 868 F.2d 305, 306 (8th Cir.1989).
 
 
 5
 Moreover, a statement of an informant in a tape-recorded conversation with a party is "an essential part of the conversation." Kenny, 645 F.2d at 1340. Such statements put the admissions of the party "into perspective and make them 'intelligible to the jury and recognizable as admissions.' " United States v. McDowell, 918 F.2d 1004, 1007 (1st Cir.1990) (quoting United States v. Lemonakis, 485 F.2d 941, 948 (D.C.Cir.1973), cert. denied, 415 U.S. 989 (1974)). See also United States v. Whitman, 771 F.2d 1348, 1352 (9th Cir.1985). Because they are not offered for their truth, but to render a party's admissions understandable, statements of informants are not hearsay. Whitman, 771 F.2d at 1352. See also McDowell, 918 F.2d at 1008; United States v. Jordan, 810 F.2d 262, 264 (D.C.Cir.), cert. denied, 481 U.S. 1032 (1987). Additionally, the informant's statements, to the extent "adopted" by the party, "can be treated as a group of adoptive admissions ... admissible under Fed.R.Evid. 801(d)(2)(B)." Kenny, 645 F.2d at 1340.
 
 
 6
 Thus, Thompson's statements on the tapes are not excludable as hearsay, and any statements by Thompson adopted by Canon can be considered for their truth. Because the truth of Thompson's statements on the tapes is relevant only to the extent the statements were adopted by Canon, Thompson's credibility is of no consequence, and the fact that he was unavailable to testify is irrelevant. See Jordan, 810 F.2d at 264. The district court did not abuse its discretion in admitting the tapes. We next consider the Thompson letter.
 
 
 7
 Clinton Thompson wrote and mailed a letter to himself following a conversation he had with Canon. In the letter, Thompson stated Canon told him that Canon and Fuller "discussed burning down the Aloha Lounge," the approximate date the club would catch fire, and how the act would be committed. Over Canon's hearsay objection, the district court admitted the Thompson letter into evidence.
 
 
 8
 The substance of the Thompson letter goes to the heart of the case. We conclude the letter is relevant only with regard to the matters asserted in it. The letter could not be offered to prove the state of mind of Canon or Fuller, see Shepard v. United States, 290 U.S. 96, 104-06 (1933); Notes of Advisory Committee on Proposed Rules, Note to Paragraph (3), 28 U.S.C.A. Federal Rules of Evidence, Rules 701 to End, 179-278, and Thompson's state of mind is irrelevant. Thus, the letter is hearsay. See Fed.R.Evid. 801. Because it does not fall within any of the exceptions to the hearsay rule, see Fed.R.Evid. 803 and 804, the district court abused its discretion in admitting the letter into evidence, notwithstanding the district court's limiting instruction to the jury.
 
 
 9
 Although the tapes and other evidence in the case, if credited by the jury, would support the verdict, the Thompson letter was so prejudicial to Canon's case, we are compelled to vacate the judgment of the district court and grant Canon a new trial on Capitol's fraud claim and on Canon's counterclaim for payment of his interest under the insurance policy.
 
 CAPITOL'S CROSS-APPEAL
 
 10
 Capitol argues the district court erred in refusing to instruct the jury on "closed-ended" continuity under RICO. The district court refused to give a closed-ended instruction, reasoning that the predicate acts did not extend over a sufficiently "substantial" period of time. See H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 242 (1989).
 
 
 11
 Although the trial court has broad discretion in fashioning jury instructions, a party is entitled to have the jury instructed on its theory of the case so long as that theory is supported by the law and facts. Hasbrouck v. Texaco, 842 F.2d 1034, 1044 (9th Cir.1987), aff'd, 496 U.S. 543 (1990).
 
 
 12
 Capitol produced evidence tending to show two counts of arson that spawned several counts of mail fraud. These acts satisfy the predicate offenses delineated under RICO. See 18 U.S.C. Sec. 1961(1) (1988); Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 482 n. 3 (1985). Each act, relating to the fraudulent collection of insurance proceeds, is interrelated sufficiently to satisfy RICO's statutory requirements. See 18 U.S.C. Sec. 3575(e); H.J., 492 U.S. at 240; Sedima, 473 U.S. at 496 n. 14. Because these acts were performed by a "group" of people associated for the common purpose of engaging in illegal conduct, there is sufficient evidence of an "enterprise." See 18 U.S.C. Sec. 1961(4) (1988); United States v. Dischner, 974 F.2d 1502, 1511 (9th Cir.1992), cert denied, 113 S.Ct. 1290 (1993); United States v. DeRosa, 670 F.2d 889, 896 (9th Cir.), cert. denied sub nom. Bertman v. United States, 459 U.S. 993 (1982). See also United States v. Turkette, 452 U.S. 576, 581-83 (1981).
 
 
 13
 The time frame of the acts spans from January 1988 until June 1989, a period of 16 1/2 months. This is a sufficiently "substantial" period of time to qualify for a closed-ended instruction under RICO. See Religious Technology Center v. Wollersheim, 971 F.2d 364, 366-67 (9th Cir.1992); Ticor Title Ins. v. Florida, 937 F.2d 447, 450 (9th Cir.1991). See also Metromedia Co. v. Fugazy, 983 F.2d 364, 369 (2d Cir.1992), cert. denied, 113 S.Ct. 2445 (1993); United States v. Pelullo, 964 F.2d 193, 209-10 (3d Cir.1992); United States v. Stodola, 953 F.2d 266, 269-70 (7th Cir.), cert. denied, 113 S.Ct. 104 (1992).
 
 
 14
 Capitol argues the relevant time period is 20 months, because there was testimony indicating Canon began planning the first act of arson in September 1987. Because we conclude a time span of 16 1/2 months is a sufficiently "substantial" span of time for a closed-ended RICO instruction, we need not decide whether planning an act of arson is a sufficient act to trigger commencement of the continuity period.
 
 CONCLUSION
 
 15
 We reverse the district court's judgment. We remand for a new trial on Capitol's fraud and RICO claims, and on Canon's counterclaim for breach of contract.
 
 
 16
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit Rule 36-3