**RELIGIOUS TECHNOLOGY CENTER;**
**Church of Scientology International,**
**Plaintiffs–Appellants,**

v.

**Larry WOLLERSHEIM; Leta Schlosser;**
**Richard Ofshe; Margaret Singer, et al.;**
**Charles B. O'Reilly, Defendants–Appel-**
**lees.**

**No. 90–56104.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 1991.

Submission Vacated Oct. 23, 1991.

Resubmitted July 20, 1992.

Decided July 29, 1992.

See also 869 F.2d 1306.

William T. Drescher, Calabasas, Cal., for plaintiffs-appellants.

Michael L. Goldberg, Mandell, Lewis & Goldberg, McLean, Va., for defendants-appellees.

Leta Schlosser, pro per.

Charles B. O'Reilly, pro per.

Before BROWNING, ALARCON and T.G. NELSON, Circuit Judges.

PER CURIAM:

## I

Plaintiffs Religious Technology Center and Church of Scientology International (CSI) [hereinafter collectively RTC] brought two suits against numerous defendants alleging violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962; the Copyright Act, 17 U.S.C. § 501(b); and state tort law. The cases were consolidated and referred to a Special Master who recommended dismissal of the so-called "Greene defendants." The district judge issued an order adopting the Report and Recommendations of the Special Master. RTC appeals. We affirm.

## II

The facts are briefly set out below. Additional background can be found in the opinion in an earlier appeal, *Religious Technology Center v. Wollersheim*, 796 F.2d 1076, 1077–79 (9th Cir.1986).

Defendant Wollersheim was the plaintiff in a state tort action against the Church of Scientology California (CSC), an entity not a party to this appeal, for intentional infliction of emotional distress. The suit was ultimately successful. Defendant law firm of Greene, O'Reilly, Broilet, Paul, Simon, McMillian, Wheeler and Rosenberg, P.C., and individual defendants Leta Schlosser and Charles B. O'Reilly, were Wollersheim's attorneys. Defendants Richard Ofshe and Margaret Singer were expert witnesses who testified on Wollersheim's behalf. These are the "Greene defendants."

RTC, a Scientology affiliate, and CSI then filed this suit alleging that, during the prosecution of the state court action, Wollersheim's attorneys obtained copies of stolen religious scriptures from former members of the Scientology Church and gave them to Wollersheim's expert witnesses. RTC also alleged the defendants planned to reveal the contents of these scriptures, which are kept highly confidential by the Church of Scientology, to blackmail CSC into settling the *Wollersheim* state case. In addition, RTC alleged defendant O'Reilly sent an extortionate letter to CSC, a related corporation, threatening to disclose the contents of the scriptures unless he was paid $10 million.

This case was consolidated with an earlier suit filed against the persons who allegedly stole the religious scriptures. In due course, the district court issued an Order to Show Cause why the RICO and pendant state claims should not be dismissed and referred the case to a Special Master. Based upon the allegations of the complaint supplemented with RTC's detailed statement of the facts they relied upon in response to the order to show cause, the Special Master recommended, inter alia, that the Greene defendants be dismissed. The court adopted the Special Master's recommendation and entered final judgment in favor of the Greene defendants pursuant to Rule 54(b).[1]

## III

### A. RICO CLAIM

The Special Master recommended judgment for the Greene defendants on RTC's RICO claim[2] because RTC failed to allege: (1) an "enterprise"; (2) two predicate acts; or (3) a "pattern of racketeering activity." We do not reach the first two grounds of dismissal. We agree with the Special Mas-

**1.** Appellee Schlosser asserts that RTC is precluded from bringing this appeal because it did not object to the Order adopting the Special Master's report. Since the order was final, RTC acted appropriately in seeking Rule 54(b) certification.

**2.** 18 U.S.C. § 1962(c) provides:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

ter that appellants failed as a matter of law to allege a "pattern of racketeering activity" by the Greene defendants.[3]

In *H.J., Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989), the Supreme Court held that to establish a "pattern of racketeering activity," plaintiff's allegations must show both that "the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." *Id.* at 239, 109 S.Ct. at 2900 (emphasis in original).

■ An allegation of two isolated criminal acts is insufficient to satisfy the relatedness requirement, *id.;* the predicate offenses are related if they have "the same or similar purposes, results, participants, victims or methods of commission." *Id.* at 240, 109 S.Ct. at 2901 (citation omitted).

■ RTC alleged that the Greene defendants obtained the religious materials to prosecute the state court case, and threatened to reveal this confidential information for litigation leverage. All of the predicate acts alleged were directed to these ends. They therefore satisfied the "relatedness" requirement.

However, the conduct alleged did not satisfy the "continuity" requirement. The Supreme Court has held that continuity can be demonstrated by proving either "a series of related predicates extending over a substantial period of time" or "past conduct that by its nature projects into the future with a threat of repetition." *Id.* at 241–42, 109 S.Ct. at 2901–02.

Since the only goal of the Greene defendants was the successful prosecution of the *Wollersheim* state tort suit, there was no threat of activity continuing beyond the conclusion of that suit. *See Medallion Television Enter., Inc. v. SelecTV of California, Inc.*, 833 F.2d 1360, 1364 (9th Cir. 1987) (where fraud was a joint venture to obtain broadcast rights, once the rights were obtained the threat ended).

RTC also failed to allege a series of related predicates extending over a "substantial" period of time. *See* 492 U.S. at 242, 109 S.Ct. at 2902.[4] The first predicate offense alleged was the receipt of the documents by Schlosser in the spring of 1985.[5] The last predicate act was defendant Singer's attempt to introduce the scriptures into evidence in the state tort suit in October of 1985. Thus the alleged activity continued for six months at most.[6]

■ The Supreme Court in *H.J., Inc.* held that "[p]redicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this [continuity] requirement." 492 U.S. at 242, 109 S.Ct. at 2902. We have found no case in which a court has held the requirement to be satisfied by a pattern of activity

---

**3.** The parties disagree whether the district court's ruling was based on Rule 12(b) or Rule 56. The dispute is not relevant to our decision. RTC does not contend any relevant facts were not before the district court or that there were any conflicts as to facts relied upon by the district court in disposing of the issue we decide. We have accepted RTC's allegations as true and have reviewed their adequacy de novo.

The Special Master concluded the plaintiffs had failed to allege a violation under 18 U.S.C. § 1962(a). Report and Recommendation at 28. The appellants claim not to have sought relief under that section. Appellant's Brief at 20. We therefore assume plaintiffs do not appeal dismissal of this cause of action.

**4.** RTC alleges that the racketeering activity began in 1980 with the sending of the extortionate letter. The letter was, however, sent to CSC, not RTC or CSI. Since CSC is not a party to this case, it does not have standing to assert the wrongs done to another party. The Supreme

Court has held that, under 18 U.S.C. § 1962(c), "the plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation.... [N]or is the defendant liable to those who have not been injured." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496–97, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985) (citation omitted).

**5.** As noted above, we do not reach the issue of whether RTC has sufficiently alleged predicate acts under RICO; we only assume for purposes of discussion that they have.

**6.** In its reply brief, RTC argues that the Greene defendants should be held responsible as co-conspirators for the later actions of other defendants. There is no evidence this theory was raised in the district court, and we deem it waived. *See Winebrenner v. United States*, 924 F.2d 851, 856 n. 7 (9th Cir.1991).

lasting less than a year.[7] A pattern of activity lasting only a few months does not reflect the "long term criminal conduct" to which RICO was intended to apply. *See* 492 U.S. at 242, 109 S.Ct. at 2902; *see also Feinstein v. Resolution Trust Corp.*, 942 F.2d 34, 45–46 (1st Cir.1991) (span of 3–4 months, absent a threat of future criminal activity, is too short to support claim of long term criminal conduct at which RICO is aimed); *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1418 (3d Cir.1991) (fraudulent scheme lasting 8 months directed at a single entity did not meet the continuity test); *Parcoil Corp. v. Nowsco Well Serv., Ltd.*, 887 F.2d 502, 504 (4th Cir.1989) (four months is insufficient to make out continuity); *Sutherland v. O'Malley*, 882 F.2d 1196, 1205 (7th Cir.1989) (five month period is insufficient).[8]

### B. COPYRIGHT CLAIM [9]

■ The complaint alleges the defendants copied RTC's work, made unauthorized revisions in the work, and distributed materials that are substantially similar to it. Complaint ¶ 71. However, the only specific factual allegation implicating the Greene defendants is found in ¶ 22, which alleges Leta Schlosser, one of Wollersheim's attorneys, copied and transferred the stolen documents to Singer and Ofshe, Wollersheim's expert witnesses.

Defendants' answer admitted Schlosser and O'Reilly provided the documents to the expert witnesses for the purpose of preparing their testimony in the state tort litiga-

tion. RTC does not contend the Greene defendants used the documents for any other purpose. Moreover, RTC has not contested Leta Schlosser's assertion that the documents were sealed, marked "Confidential" and never offered into evidence.

In these circumstances, use of the documents was "Fair use" under 17 U.S.C. § 107, and not an infringement of RTC's copyright.[10] *See Jartech, Inc. v. Clancy*, 666 F.2d 403, 406–07 (9th Cir.1982) (copying of allegedly obscene film to be used as evidence in a nuisance abatement action was "fair use"); 3 *Nimmer on Copyright* § 13.05[D] at 13–91 (1991) ("works are customarily reproduced in various types of judicial proceedings, including obscenity and defamation actions ... and it seems inconceivable that any court would hold such reproduction to constitute infringement either by the government or by the individual parties responsible for offering the work in evidence"); *see also Hustler Magazine, Inc. v. Moral Majority Inc.*, 796 F.2d 1148, 1155 (9th Cir.1986) (" 'use that has no demonstrable effect upon the market for, or the value of, the copyrighted work need not be prohibited in order to protect the author's incentive to create' ") (quoting *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 450, 104 S.Ct. 774, 792–93, 78 L.Ed.2d 574 (1984)).

### C. PENDANT STATE CLAIMS

Dismissal of the pendant state claims was not an abuse of discretion. "When

---

7. *See, e.g., Dana Corp. v. Blue Cross & Blue Shield Mutual of Northern Ohio*, 900 F.2d 882, 887 (6th Cir.1990) (seventeen years); *Fleet Credit Corp. v. Sion*, 893 F.2d 441, 447 (1st Cir.1990) (four and a half years); *Walk v. Baltimore and Ohio R.R.*, 890 F.2d 688, 690 (4th Cir.1989) (ten years); *Jacobson v. Cooper*, 882 F.2d 717, 720 (2d Cir.1989) ("matter of years").

8. RTC's second cause of action alleges a conspiracy to violate RICO, 18 U.S.C. § 1962(d), which makes it "unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of this section." Because we find that RTC has failed to allege the requisite substantive elements of RICO, the conspiracy cause of action cannot stand.

9. The Special Master made no express finding with regard to RTC's claim of copyright infringement, nor did the district judge. None-

theless, we may affirm if there is evidence in the record to support the dismissal. *Jackson v. Southern California Gas Co.*, 881 F.2d 638, 643 (9th Cir.1989).

10. Defendant Schlosser also argues the suit is barred by a California litigation privilege. See California Civil Code § 47(2). However, the federal courts will recognize state privileges only in cases in which "[s]tate law supplies the rule of decision." Fed.R.Evid. 501. In federal question cases, the law of privilege is governed by "the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." *Id.* Schlosser cites no cases, and we have found none, indicating such a privilege has been recognized as a matter of federal common law.

federal claims are dismissed before trial ... pendant state claims also should be dismissed." *Jones v. Community Redev. Agency,* 733 F.2d 646, 651 (9th Cir.1984).

AFFIRMED.[11]

11. We deny appellee Schlosser's request for damages under Fed.R.App.P. 38. This appeal was not wholly frivolous.