65 F.3d 1523
 33 Fed.R.Serv.3d 287, RICO Bus.Disp.Guide 8894,
95 Cal. Daily Op. Serv. 7352,
95 Daily Journal D.A.R. 12,569
 ALLWASTE, INC., a Delaware corporation; Allwaste Recycling,
Inc., a Delaware corporation; Golden State Recycling, LP, a
California partnership; Circo Glass Company, Inc., a
California corporation, d/b/a Circo Recyclers; The
Bassichis Company, Inc., an Ohio corporation, Plaintiffs-Appellants,
v.
Roger D. HECHT; George T. Henebury; Irving Stern; Michael
D. Hinson; Robert V. Hinson; Cull Trucking; Roy Dennis
Hinson; Nationwide Recycling, Inc., a Delaware corporation;
G & M Enterprises, Defendants-Appellees.
 No. 93-16537.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 16, 1995.
Decided Sept. 19, 1995.
 
 Andrea Sheridan Ordin, Morgan, Lewis & Bockius, Los Angeles, CA, for appellants.
 Peter W. James, Baker & Hostetler, Los Angeles, CA, for appellees Rogert D. Hecht and Nationwide Recycling, Inc.
 Marcus Daniel Merchasin, San Francisco, CA, for appellees, George Henebury, Michael Henebury, Peter Henebury, John Henebury and G & M Enterprises.
 Jonathon M. Yarger, Kohrman, Jackson & Krantz, Cleveland, OH, for appellee Irving Stern.
 Stephen M. Moskowitz, San Francisco, CA, for appellees Michael D. Hinson, Robert V. Hinson, Cull Trucking and Roy Dennis Hinson.
 Appeal from the United States District Court for the Northern District of California.
 Before FLETCHER, PREGERSON, and RYMER, Circuit Judges.
 PREGERSON, Circuit Judge:
 
 
 1
 Plaintiffs-Appellants Allwaste, Inc., Allwaste Recycling, Inc., Golden State Glass Recycling, L.P., Circo Glass Company, Inc., and Bassichis Company, Inc. ("Allwaste"), sued Defendants-Appellees Roger D. Hecht, George T. Henebury, Michael G. Henebury, Peter Henebury, John T. Henebury, Michael D. Hinson, Roy Dennis Hinson, Robert V. Hinson, Irving Stern, G & M Enterprises, Cull Trucking, and Nationwide Recycling, Inc. ("Defendants"), for violating the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. Sec. 1961 et seq. (1970). The district court dismissed the complaint under Federal Rule of Civil Procedure 12(b)(6). The court reasoned that the alleged predicate acts were not sufficiently prolonged to satisfy the "pattern of racketeering activity" under RICO, 18 U.S.C. Sec. 1962.
 
 
 2
 To prevail under RICO, plaintiffs must establish that the predicate acts were continuous. This can be done either by pleading "closed-ended continuity" or by pleading "open-ended continuity." Closed-ended continuity refers to a closed period of repeated conduct. It is established by showing that the predicate acts occurred over a substantial period of time. If closed-ended continuity cannot be established, plaintiffs may plead open-ended continuity. Open-ended continuity refers to past conduct that by its nature indicates a threat of future criminal conduct. It is established by showing either that the predicate acts specifically threaten repetition or that they were an ongoing entity's regular way of doing business.
 
 
 3
 The district court concluded that the closed-ended continuity requirement under RICO meant that the alleged predicate acts must span at least one year. The court also refused to grant Allwaste leave to amend its complaint. We have jurisdiction under 28 U.S.C. Sec. 1291. We reverse and remand.
 
 BACKGROUND
 
 4
 Plaintiff Allwaste, a recycling company, claims that Defendants, various corporate officers and their families, successfully solicited kickbacks, received and distributed illicit gratuities and commissions, secretly invested the proceeds in businesses that compete with Allwaste, and created false receipts overcharging Allwaste for transportation of goods and services.
 
 
 5
 On February 23, 1993, Allwaste filed the instant suit in the United States District Court for the Northern District of California. Specifically, Allwaste alleged that: (1) Defendants Roger Hecht and George Henebury arranged and received $100,000 in kickbacks from Sierra West Glass Recycling ("Sierra West"); (2) Henebury received the final $50,000 from Sierra West on September 10, 1992; (3) Hecht and Henebury committed at least three criminal predicate acts in violation of California Penal Code Sec. 641.3 (commercial bribery), 18 U.S.C. Sec. 1951 (interference with commerce), 18 U.S.C. Sec. 1952 (using interstate commerce to promote unlawful activities), and/or 18 U.S.C. Sec. 1341 (mail fraud); (4) Henebury and Hecht each received $20,000 in kickbacks from A & A Recycling on September 24, 1992 and October 5, 1992, respectively, violating California Penal Code Sec. 641.3; (5) Hecht and Henebury received $21,600 from a Circo real estate agent, violating California Penal Code Sec. 461.3, 18 U.S.C. Sec. 1951, and 18 U.S.C. Sec. 1952; (6) Several of the Defendants created at least one false transportation receipt, which they sent via telecopy to an Allwaste supplier, violating 18 U.S.C. Sec. 1951, and 18 U.S.C. Sec. 1952; (7) Henebury received a $4,000 kickback from Golden State Glass Recycling, L.P., violating California Penal Code Sec. 641.3; (8) Henebury and Hinson converted a cullet[1] processor and truckloads of cullet belonging to Allwaste, violating 18 U.S.C. Sec. 1951, and 18 U.S.C. Sec. 1952; and (9) with the proceeds of the above described activities, Defendants established San Diego Cullet Supply violating 18 U.S.C. Sec. 1341, 18 U.S.C. Sec. 1343, 18 U.S.C. Sec. 1952, and 18 U.S.C. Sec. 1962.
 
 
 6
 Allwaste terminated Hecht on October 5, 1992. On February 3, 1993, Allwaste terminated the last of the Defendants.
 
 
 7
 In April 1993, the Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). On June 3, 1993, the district court heard the Motion. During the 12(b)(6) hearing, Allwaste asserted that it could allege facts to demonstrate that the predicate acts occurred for more than one year. Transcript 14:16-17, ER 36. On August 5, 1993, the court granted the Defendants' motion and dismissed Allwaste's complaint with prejudice on the ground that Allwaste did not plead continuity of alleged criminal activity, as required under RICO, 18 U.S.C. Secs. 1962(c) and (d).
 
 ANALYSIS
 
 8
 I. Continuity Requirement of a Valid RICO Claim
 
 
 9
 We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Everest and Jennings v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994). We limit our review to the contents of the complaint. Buckey v. Los Angeles, 968 F.2d 791, 794 (9th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 599, 121 L.Ed.2d 536 (1992). We construe all allegations of material fact in the light most favorable to the nonmoving party. Everest and Jennings, 23 F.3d at 229. We will not dismiss a complaint unless it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id.
 
 
 10
 To prevail under RICO, a plaintiff must establish a "pattern of criminal activity". 18 U.S.C. Sec. 1962. At a minimum, a "pattern" requires that the predicate criminal acts be "related" and "continuous." H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 239, 109 S.Ct. 2893, 2900-01, 106 L.Ed.2d 195 (1989).
 
 
 11
 In H.J. Inc., the Supreme Court observed that the term "continuity" escapes strict definition: " '[c]ontinuity' is both a closed- and open-ended concept, referring either to a closed period of repeated conduct or to past conduct that by its nature projects into the future with a threat of repetition." Id. at 241, 109 S.Ct. at 2902. "Closed-ended" continuity is established by showing that related predicate acts occurred over a "substantial period of time." Id. at 242, 109 S.Ct. at 2902. The Court thus noted that "[p]redicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement," and concluded that "Congress was concerned in RICO with long-term criminal conduct." Id.
 
 
 12
 Where long-term criminal conduct cannot be established, "open-ended" continuity may be proved. Id. Open-ended continuity is the threat that criminal conduct will continue into the future. It is established by showing either that the predicate acts "include a specific threat of repetition extending indefinitely into the future" or that the predicate acts were "part of an ongoing entity's regular way of doing business." Id.
 
 
 13
 The Court warned that "the precise methods by which relatedness and continuity or its threat may be proved, cannot be fixed in advance with such clarity that it will always be apparent whether in a particular case a 'pattern of racketeering activity' exists." Id. at 243, 109 S.Ct. at 2903.
 
 A. Closed-Ended Continuity
 
 14
 Defendants argue that closed-ended continuity requires that predicate acts continue for at least one year. The problem with Defendants' argument is that it misconstrues the flexible continuity requirement under RICO by creating a bright line, one-year rule.
 
 
 15
 In H.J. Inc., Northwestern Bell bribed utility officials for four years. In exchange for a sum of money, the officials agreed to allow Northwestern Bell to charge its customers, one of which was H.J. Inc., excessive rates. H.J. Inc. sued Northwestern Bell for RICO violations. The Court held that RICO's continuity requirement does not require multiple criminal schemes in the commission of the predicate acts, but that continuity may be established with predicate acts that are part of a single scheme. Id. at 240, 109 S.Ct. at 2901.
 
 
 16
 Rejecting the multiple schemes requirement, the Court concluded that precise guidelines cannot be set to determine the existence of a pattern of racketeering activity. Id. at 243, 109 S.Ct. at 2902-03. The Court reasoned that Congress "had a fairly flexible concept of pattern in mind." Id. at 239, 109 S.Ct. at 2902; see also Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 n. 14, 105 S.Ct. 3275, 3285 n. 14, 87 L.Ed.2d 346 (1985) ("RICO is to be read broadly."). The Court explained that although Congress was concerned with long-term criminal activity, it is "difficult to formulate in the abstract any general test for continuity." Id. at 241, 109 S.Ct. at 2902. Thus, a bright line, one-year rule undermines H.J. Inc.'s principle that flexibility rather than rigidity should govern the application of RICO.
 
 
 17
 Defendants rely on Religious Technology Center v. Wollersheim, 971 F.2d 364, 366 (9th Cir.1992), to support the proposition that closed-ended continuity requires that predicate acts span at least one year. Religious Technology Center, the trustee of the scriptures of the Church of Scientology, sued Wollersheim for RICO violations. Religious Technology Center alleged that Wollersheim committed two predicate acts that spanned approximately a six-month period: Wollersheim stole confidential Church of Scientology religious materials in the spring of 1985, and Wollersheim used those materials in an attempt at blackmail in the fall of 1985.
 
 
 18
 In Religious Technology Center, we held that Wollersheim's alleged criminal conduct did not satisfy the "continuity" requirement. Id. at 366. We observed that "[w]e have found no case in which a court has held the requirement to be satisfied by a pattern of activity lasting less than a year." Id. (footnote omitted). We also observed that "[a] pattern of activity lasting only a few months does not reflect the 'long term criminal conduct' to which RICO was intended to apply." Id. at 366-67 (quoting H.J. Inc., 492 U.S. at 242, 109 S.Ct. at 2902). We would be misguided, however, if we construed these observations as establishing a hard and fast, bright line, one-year rule. We did not go so far as to establish such a rigid requirement because it would contradict the fluid concept of continuity enunciated by the Supreme Court in H.J. Inc., supra.
 
 
 19
 Allwaste's original complaint failed to specify the dates of the first and last alleged predicate acts, but Allwaste maintained at the 12(b)(6) hearing that it could show that the predicate acts occurred over a substantial period of time, as much as thirteen months. Such a showing would have demonstrated that the criminal activity spanned a "substantial period of time" and, therefore would have satisfied the continuity requirement.
 
 B. Open-Ended Continuity
 
 20
 Even if Allwaste could not establish closed-ended continuity, it may establish open-ended continuity. H.J. Inc., 492 U.S. at 242, 109 S.Ct. at 2902. Open-ended continuity is shown by "past conduct that by its nature projects into the future with a threat of repetition." Id. at 241, 109 S.Ct. at 2902. Predicate acts that specifically threaten repetition or that become a "regular way of doing business" satisfy the open-ended continuity requirement. Id. at 243, 109 S.Ct. at 2902-03.
 
 
 21
 In Sun Savings and Loan Ass'n v. Dierdorff, 825 F.2d 187, 194 (9th Cir.1987), a bank sued its former president under RICO for receiving kickbacks from the bank's customers and depositing them into a fictitious account. In Sun Savings, we held that four predicate acts that spanned a two month period satisfied the continuity requirement.[2] We reasoned that the alleged predicate acts "did pose a threat of continuing activity because they covered up a whole series of alleged kickbacks and receipts of favors, occurred over several months, and in no way completed the criminal scheme." Id. (footnote omitted). We also noted that isolated or sporadic predicate acts would fail to satisfy the continuity requirement. Id. Moreover, we observed that "courts should not erect artificial barriers--metaphysical or otherwise--as a means of keeping RICO cases off the federal dockets." Id.; see also California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1469 (9th Cir.1987) (continuity requirement satisfied with predicate acts that spanned five months).
 
 
 22
 In Ikuno v. Yip, 912 F.2d 306, 308 (9th Cir.1990), we found open-ended continuity based on two filings of false annual reports for a phantom commodity trading company. Although there were only two predicate acts in a twelve month span, we found a threat of continuity: "[T]here is no evidence that [the defendant] would have stopped [filing false annual reports] if [the company] had not ceased to do business." Id. at 309. The predicate acts in the case at bar are much more extensive than those in Ikuno--Allwaste alleged several kickback schemes in its complaint and maintained at the 12(b)(6) hearing that it could show that the predicate acts spanned as many as thirteen months, from January 1992 to February 1993. As in Ikuno, there is no evidence that Defendants would have halted the kickback scheme had they not been terminated.
 
 
 23
 In Ticor Title Ins. Co. v. Florida, 937 F.2d 447 (9th Cir.1991), the defendants forged a tax lien release, recorded it with the County Recorder, and then told the prospective purchaser of the encumbered property that there were no encumbrances. These acts occurred over a thirteen month period. Considering the threat that the defendants would continue the criminal activity in the event that tax lien releases were not given, we found that the open-ended continuity requirement was satisfied. Id. at 450. Although the defendants had obtained legitimate releases as well as forged ones, we noted that there was nothing to suggest that they would not forge again if releases were not given. Id. at 450-51. The frequency of the forgeries indicated that forging had become a regular way of doing business when legitimate releases could not be obtained. Id. at 450.
 
 
 24
 Similarly, Allwaste's allegations, if proved, would suffice to establish that extorting kickbacks had become Defendant Hecht's and Defendant Henebury's regular way of doing business. Such a showing would satisfy the open-ended continuity requirement. Allwaste alleged that Hecht and Henebury were involved in demanding four kickbacks (from Golden State Glass Recycling, Sierra West, A & A Recycling, and a Circo real estate agent), distributing and reinvesting the proceeds, and falsifying transportation reports. Because these activities were made possible by Hecht's and Henebury's employment status, were directed at a variety of Allwaste suppliers, and were not connected to the consummation of any particular transaction, there is nothing to suggest that they would have ceased unless Allwaste had intervened as it did. The most logical inference to be drawn, therefore, is that these activities threatened to continue in the future and had become Hecht's and Henebury's way of doing business. Thus, Allwaste's allegations satisfy the open-ended continuity requirement as to Hecht and Henebury.[3]
 
 
 25
 In United States v. Busacca, 936 F.2d 232, 238 (6th Cir.1991), the Sixth Circuit held that fortuitous interruption of criminal acts does not preclude a finding of open-ended continuity. Long-term criminal conduct may be interrupted, inter alia, by termination, the commencement of the RICO action, arrest, indictment, or guilty verdict. Id. In Busacca, the defendant misappropriated checks over a two and a half month period to pay his personal expenses. He was then removed from his position as Trustee. Examining the totality of the circumstances, the Sixth Circuit decided that the manner in which the predicate acts occurred could recur indefinitely whenever the defendant had expenses to pay. Id. That the defendant was willing to disregard established procedures, conceal his activities, and affirmatively misappropriate monies threatened criminal conduct that projected into the future.
 
 
 26
 Similarly, in the instant case, Defendant Hecht's and Defendant Henebury's willingness to participate in the kickback scheme and their affirmative misrepresentations regarding transportation costs demonstrate that if they had not been fortuitously interrupted by termination, the predicate acts could have recurred indefinitely. Therefore, Allwaste's allegations as to Hecht and Henebury satisfy the open-ended continuity requirement.
 
 
 27
 However, Allwaste's complaint failed to state a claim against Irving Stern and the Hinsons. The only allegation of a specific, identified act by Stern appears in p 30(i) of the complaint. This isolated act by itself does not support a RICO claim against Stern. Allwaste avers generally in pp 25, 26, and 27 that Stern was involved in a series of kickbacks and diversions of Allwaste's assets. These allegations are not pled with the particularity required by Rule 9(b); they would not enable Stern to file a "meaningful answer." Sun Savings, 825 F.2d at 196. The complaint fails to allege a RICO case against Stern.
 
 
 28
 The specific allegations of p 30 of the complaint allege the participation of all three Hinsons in the conversion of "a cullet processor" and "multiple truckloads of cullet." Michael Hinson is further alleged to have "caused false truck weigh tickets to be made and sent by telecopy" to a Circo supplier. None of the Hinsons is alleged to have been involved in a specific kickback episode. As to the conversion claims, the general allegation of p 34 that this conduct involved unspecified acts of mail and wire fraud fails to meet the particularity requirement of Rule 9(b). No dates are given, and no acts are specified from which it could be inferred that the mails or interstate communications were involved. See Sun Savings, 825 F.2d at 195-96. As to the false weigh ticket allegation, from which it might be inferred that the wire fraud statute is implicated because the tickets were "sent by telecopy," this isolated event does not suffice to meet RICO's pattern requirement.
 
 II. Leave to Amend the Complaint
 
 29
 A party is entitled to amend pleadings once "as a matter of course" at any time before a responsive pleading is served. Fed.R.Civ.P. 15(a); Wages v. IRS, 915 F.2d 1230, 1235 (9th Cir.1990), cert. denied, 498 U.S. 1096, 111 S.Ct. 986, 112 L.Ed.2d 1071 (1991). We review the denial of leave to amend after a responsive pleading has been filed for an abuse of discretion; however, we strictly review such denial in light of the strong policy permitting amendment. National Abortions Fed'n v. Operation Rescue, 8 F.3d 680, 681 (9th Cir.1993).
 
 
 30
 The district court denied Allwaste leave to amend its complaint on the ground that the additional facts alleged at oral argument were not sufficient to state a valid RICO claim. This was an abuse of discretion. Federal Rule of Civil Procedure 15(a) entitles plaintiffs the right to amend once as a matter of course before responsive pleadings are filed. A motion to dismiss for failure to state a claim is not a responsive pleading. Schreiber Distrib. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir.1986). Because there were no responsive pleadings filed, Allwaste should have been granted leave to amend.
 
 
 31
 Denial of leave to amend is not an abuse of discretion where the district court could reasonably conclude that further amendment would be futile. Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir.1987). The district court concluded that an amendment of Allwaste's complaint would be futile. However, the district court assumed incorrectly that closed-ended continuity could not be established absent a showing that predicate acts occurred during a period lasting more than one year and that open-ended continuity could not be established because Allwaste had terminated the appellants' employment.
 
 
 32
 The district court, applying legal standards consistent with this opinion, should consider whether to grant Allwaste leave to amend its complaint.
 
 CONCLUSION
 
 33
 We reverse and remand this case to the district court for proceedings not inconsistent with this opinion. REVERSED and REMANDED.
 
 
 
 [1]
 Cullet is defined as "broken or refuse glass usu[ally] added to new material to facilitate melting in making glass." Webster's New Collegiate Dictionary (7th ed. 1967)
 
 
 [2]
 Defendants argue that Sun Savings is no longer good law as it was decided before H.J. Inc. Although Sun Savings does not use the "open-ended" and "closed-ended" terminology of H.J. Inc., it is consistent with H.J. Inc. In Sun Savings, we held that continuity does not require multiple criminal schemes, and we stated that RICO should be read broadly
 
 
 [3]
 The allegations involving the other Defendants are discussed infra