116 F.3d 484
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eric Y. KNIPE, Plaintiff-Appellant,
v.
WASHINGTON SQUARE CAPITAL, Defendant-Counter-claimant-Appellee.
Jack HART; NORTHWESTERN NATIONAL LIFE INSURANCE CO.,
Defendants-Appellees.
 No. 96-55269.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997**
June 19, 1997.
 
 Appeal from the United States District Court for the Central District of California, D.C. No. CV-94-02600-GHK; George H. King, District Judge, Presiding.
 Before HUG, Chief Judge, and FERNANDEZ and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Eric Y. Knipe brought this action against several companies and individuals. He invoked federal question jurisdiction over RICO claims and diversity jurisdiction over claims under California state law. The district court dismissed the action because Knipe failed to state a cause of action under RICO and failed to join an indispensable party. See Fed.R.Civ.P. 12(b)(6) & (7). We affirm.
 
 A. Failure to State a RICO Cause of Action
 
 3
 Knipe's three RICO claims are based on 18 U.S.C. § 1962(b), (c), and (d). To successfully plead these RICO civil causes of action under those subsections, Knipe had to plead, among other things, a "pattern of racketeering" by an "enterprise." 18 U.S.C. §§ 1961(4), 1961(5), 1962(b)-(d); see Forsyth v. Humana, Inc., 99 F.3d 1504, 1516 (9th Cir.1996); see also Medallion Television Enterprises, Inc. v. SelecTV of Cal., Inc., 833 F.2d 1360, 1362 (9th Cir.1988). Knipe did not plead a pattern of racketeering activity.
 
 
 4
 The Supreme Court has explained that the pattern requirement means that the predicate criminal acts must be "continuous." H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 239-40, 109 S.Ct. 2893, 2900-01, 106 L.Ed.2d 195 (1989). We have discussed two types of continuity: "closed-ended continuity" and "open-ended continuity." See Allwaste, Inc, v. Hecht, 65 F.3d 1523, 1527 (9th Cir.1995).
 
 
 5
 Knipe cannot show the requisite "substantial period of time" needed for closed-ended continuity. See Allwaste, 65 F.3d at 1527. Giving every benefit of the doubt to Knipe, his allegations regarding the 91,000 pairs of jeans actually show just one transaction, which did not involve a substantial period. Thus, the long-term criminal activity which RICO addresses is lacking. See H.J., 492 U.S. at 240-41, 109 S.Ct. at 2901-02; Allwaste, 65 F.3d at 1528.
 
 
 6
 Also, Knipe pled no threat of continuing activity and thus failed to properly allege open-ended continuity. Knipe, a single victim, alleged one fraudulent transaction involving one shipment of denim jeans with no allegation that the conduct would have been repeated or that the transaction involved a regular way of conducting business. A single discrete transaction involving a single victim cannot demonstrate the threat of future harm needed to show open-ended continuity. See, e.g., Allwaste, 65 F.3d at 1528; Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1535 (9th Cir.1992); Medallion, 833 F.2d at 1364. The district court properly dismissed Knipe's RICO claims.
 
 B. Necessary and Indispensable Party
 
 7
 The district court also properly dismissed the complaint for failure to join a necessary and indispensable party whose presence would destroy diversity jurisdiction. Initially, we reject Knipe's assertions that EYK International, Inc., the owner of the jeans, is defunct, no longer exists, and cannot be an indispensable party. There are no allegations in the complaint which support any of those statements, and Knipe presented no evidence which showed that EYK is defunct, whatever that means. See Kochansky v. Commissioner, 92 F.3d 957, 959 (9th Cir.1996).
 
 
 8
 Moreover, the district court did not err in ruling that EYK had a protected interest in the outcome of the litigation because the heart of the state law claims is the promise in the settlement agreement to deliver to Knipe 91,000 pairs of jeans which belong to EYK. Under the facts of this case, EYK's beneficial interest in the litigation as the owner of the jeans makes EYK a necessary party, without whom the court cannot afford complete relief. See Pit River Home & Agric. Coop. Ass'n v. United States, 30 F.3d 1088, 1099 (9th Cir.1994); see also United States ex rel. Morongo Band of Mission Indians v. Rose, 34 F.3d 901, 907-08 (9th Cir.1994).
 
 
 9
 Because joinder of EYK would destroy complete diversity, the district court properly took the next step and determined whether EYK was indispensable. See Fed.R.Civ.P. 19(b). The district court did not abuse its discretion when it dismissed because the appellees would be prejudiced by the absence of EYK, the court could not craft an order avoiding that prejudice, and Knipe could bring all of his California claims against the appellees in the California state courts. Cf. Pit River, 30 F.3d at 1101-02. Also, even if a judgment for Knipe in the absence of EYK would be adequate for his purposes, that alone did not require the district court to exercise its discretion in his favor. At any rate, such a judgment might well harm EYK's interests. In short, the district court was not required to accept Knipe's attempt to manufacture diversity jurisdiction by leaving EYK out of this action.
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3