116 F.3d 1486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elke SCHLOSSER, Plaintiff-Appellant,
v.
Louise RENNE; City and County of San Francisco, Defendants-Appellees.
 No. 96-15760.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 9, 1997.
Decided June 23, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-95-03534-WHO; William H. Orrick, Jr., District Judge, Presiding.
 Before: GOODWIN, D.W. NELSON, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Elke Schlosser appeals the district court's dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6), of her 42 U.S.C. § 1983 action against the City and County of San Francisco and City Attorney Louise Renne. Schlosser claims that the defendants maliciously prosecuted a lawsuit against her and her husband, Peter Bullock, in an effort to enforce the City's residential hotel ordinances with respect to their property. She contends that the City pursued its enforcement action with the intent to retaliate against her husband for exercising his First Amendment rights.
 
 
 3
 We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review de novo a dismissal for failure to state a claim. Stone v. Travelers Corp., 58 F.3d 434, 436-37 (9th Cir.1995). We conclude that the district court erred in dismissing Schlosser's claim without leave to amend.
 
 
 4
 Because the defendants moved to dismiss the action without filing a responsive pleading, Federal Rule of Civil Procedure 15(a) permits Schlosser to amend her complaint once as a matter of course. See Breier v. Northern Cal. Bowling Proprietors' Ass'n, 316 F.2d 787, 789 (9th Cir.1963) (holding that a motion to dismiss is not a responsive pleading within the meaning of Rule 15(a)). The district court did not, however, afford Schlosser any opportunity to correct the deficiencies in her pleadings. Unless no amendment could salvage the complaint, such a dismissal with prejudice is improper. See Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir.1996); see also Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir.1986).
 
 
 5
 The district court apparently determined that any amendment to Schlosser's complaint would be "futile," see Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1530 (9th Cir.1995), when it found that both the City Attorney and the City could invoke immunity. Schlosser does not contest the dismissal of the section 1983 action against Renne, who enjoys absolute prosecutorial immunity for her actions. See Imbler v. Pachtman, 424 U.S. 409, 427 (1976). She asserts, however, that the district court erred in concluding that the City "is a public entity and as such has absolute immunity from liability for injury caused by actions of its employees, when the employees themselves are immune." We agree that the district court was mistaken. The Supreme Court has held that municipalities cannot claim immunity from damages, even where the officials whose conduct caused the injury are immune from personal liability. Owen v. City of Independence, 445 U.S. 622, 657 (1980). Sovereign immunity does not render Schlosser's complaint futile.
 
 
 6
 Malicious prosecution is cognizable under section 1983 where it is conducted with the intent to subject a person to a denial of her constitutional rights. Usher v. City of Los Angeles, 828 F.2d 556, 562 (9th Cir.1987). Thus, Schlosser could state a federal claim if she amended her complaint to allege that, pursuant to an official municipal policy, the City Attorney maliciously prosecuted an action that effected a deprivation of her constitutional rights. See Monell v. Department of Soc. Servs., 436 U.S. 658, 690-91 (1978); see also Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 624 (9th Cir.1988) ("In this circuit, a claim of municipal liability under section 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice.") (quotation omitted). We believe that Schlosser is entitled to a second attempt to state a viable claim.
 
 
 7
 Accordingly, we reverse the district court's dismissal of Schlosser' § 42 U.S.C. § 1983 claim against the City of San Francisco and remand for further proceedings consistent with this disposition.
 
 
 8
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3