**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EUGENE DAYTON PRINGLE, JR., Ex rel, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> HANK MAJETICH, Officer; et al., <br><br> Defendants - Appellees. | No. 09-35047 <br><br> D.C. No. 6:08-cv-06273-AA <br><br> MEMORANDUM [*] |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Submitted February 16, 2010[**]

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Eugene Dayton Pringle appeals pro se the district court's order dismissing

with prejudice Pringle's 42 U.S.C. § 1983 action alleging constitutional violations

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

IL/RESEARCH

09-35047

arising from a traffic stop for his failure to signal a turn, resulting in a civil citation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal, *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001), and for an abuse of discretion its denial of leave to amend, *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1530 (9th Cir. 1995). We affirm.

The district court properly dismissed Pringle's claims against the State of Oregon as barred by the Eleventh Amendment, *see Edelman v. Jordan*, 415 U.S. 651, 663 (1974), and his claims against the county justice of the peace as barred by judicial immunity, *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967).

The district court properly dismissed Pringle's claims against the police officers because the complaint failed to plead facts that would establish that police officers lacked probable cause to stop him for failing to signal a turn. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (per curiam) ("To prevail on his section 1983 claim for false arrest and imprisonment, [plaintiff] would have to demonstrate that there was no probable cause to arrest him."); *Pena v. Gardner*, 976 F.2d 469, 471-72 (9th Cir. 1992) (per curiam) (holding that plaintiff must plead essential elements of section 1983 claim or face dismissal).

The district court properly denied Pringle leave to amend his complaint. *See Allwaste, Inc.*, 65 F.3d at 1530 (recognizing that a district court does not abuse its discretion to deny leave to amend "where [it] reasonably conclude[s] that further amendment would be futile."); *Miller v. Reed*, 176 F.3d 1202, 1205-06 (9th Cir. 1999) (holding no constitutional right to drive); *Monarch Travel Servs., Inc. v. Associated Cultural Clubs, Inc.*, 466 F.2d 552, 554 (9th Cir. 1972) (holding burdens on a particular mode of travel do not impose an impermissible restraint on the constitutional right to travel).

Pringle's remaining contentions are unpersuasive.

**AFFIRMED.**