NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 11 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHARON R. HAMMER and JAMES R. DONOVAL, husband and wife, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CITY OF SUN VALLEY; et al., <br><br> Defendants-Appellees. | No.   15-35687 <br><br> D.C. No. <br> 1:13-cv-00211-EJL-REB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted July 14, 2017
Portland, Oregon

Before:  WATFORD and OWENS, Circuit Judges, and NAVARRO,[**] Chief District Judge.

1. The district court properly dismissed the majority of Sharon Hammer's ("Hammer") claims in a Federal Rule of Civil Procedure 12(c) Order because Hammer executed a contractual release of these claims in exchange for a severance

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Gloria M. Navarro, Chief United States District Judge for the District of Nevada, sitting by designation.

payment. Idaho law holds that when a contract is unambiguous, "the meaning of the contract and intent of the parties must be determined from the plain meaning of the contract's own words." *City of Idaho Falls v. Home Indem. Co.*, 888 P.2d 383, 386 (Idaho 1995). We conclude that the supplemental release that Hammer and her attorney-husband James Donoval ("Donoval") drafted and provided to the City of Sun Valley (the "City") was unambiguous and therefore waived "any and all claims for damages arising from a termination without cause" as stated in her original employment agreement.

2. The district court did not abuse its discretion by failing to allow Hammer to convert the 12(c) motion to a summary judgment motion. In the 12(c) motion, Appellees sought judgment on the pleadings arising from Hammer waiving her claims pursuant to the supplemental release. In Idaho, if the contract's terms are unambiguous, then the determination of the contract's meaning and legal effect are questions of law appropriately reviewable in a 12(c) motion. *See Wylie v. State, Idaho Transp. Bd.*, 253 P.3d 700, 706 (Idaho 2011).

Because we conclude that the terms of the supplemental release were unambiguous, rendering the interpretation of the contract a matter of law, the district court did not abuse its discretion in denying Hammer's motion to convert the 12(c) motion to a summary judgment motion.

3. We reverse the dismissal of Hammer's unconstitutional bias claim, the

dismissal of the claims against Nils Ribi and DeWayne Briscoe in their individual capacity, and the dismissal of Donoval's claim. We reverse to clarify the grounds for the district court's dismissal because we are unable to determine the reasoning as to why these claims were dismissed.

4. We reverse and remand the dismissal of Hammer's liberty interest, stigma plus claim. This Circuit has two differing tests for a liberty interest, stigma plus claim: the first is identified in *Brady v. Gebbie*, 859 F.2d 1543 (9th Cir. 1988) (the "*Gebbie* test"), and the second in *Campanelli v. Bockrath*, 100 F.3d 1476 (9th Cir. 1996) (the "*Campanelli* test"). The *Gebbie* test is less exacting than the *Campanelli* test, as *Campanelli* requires the plaintiff to plead and prove that the statements at issue were substantially false.

The district court conflated the *Gebbie* and *Campanelli* tests, granting summary judgment based on unclear doctrine. Moreover, the district court ultimately determined that the statements at issue were substantially false, although the falsity of what was promulgated about Hammer remained a genuine issue of material fact. As such, because the district court improperly granted summary judgment on Hammer's liberty interest, stigma plus claim, we reverse and remand.

5. The district court did not abuse its discretion in failing to allow Hammer to amend her complaint. "Denial of leave to amend is not an abuse of discretion where the district court could reasonably conclude that further amendment would

3                                                                    15-35687

be futile." *Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013) (citing *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1530 (9th Cir. 1995)). The district court in this case reasonably concluded that further amendment would be futile based on Hammer's waiver of her claims, and we therefore affirm.

6. We reverse the district court's costs entered against Hammer and Donoval. A district court's awarding of costs does not constitute an abuse of discretion unless it is "based on an inaccurate view of the law or a clearly erroneous finding of fact." *See Corder v. Gates*, 947 F.2d 374, 377 (9th Cir. 1991). Because we are reversing and remanding some of Hammer's claims, we vacate the entry of costs against Hammer and Donoval.

To conclude, we affirm the district court's grant of the 12(c) motion; the denial of Hammer's motion to convert; and the denial of Hammer's motion to amend. We reverse the district court's judgment of Hammer's unconstitutional bias claim; liberty interest, stigma plus claim; the claims against Ribi and Briscoe in their individual capacities; Donoval's claim; and the entry of costs.

Hammer sought to augment the record in regards to her liberty interest, stigma plus claim. Because we are reversing and remanding this claim, Hammer's Motion to Augment the Record (Docket Entry 49) is **DENIED**. Additionally, the Appellees' Motion to Strike footnote 3 of Hammer's amended reply brief (Docket Entry 55) is **GRANTED**.

**AFFIRMED in part, REVERSED in part, and REMANDED**.

The parties shall bear their own costs.

*Hammer v. City of Sun Valley*, No. 15-35687

FILED

AUG 11 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WATFORD, Circuit Judge, concurring in part and dissenting in part:

I think the district court correctly dismissed all of plaintiffs' claims, and I would therefore affirm the judgment in its entirety.