MEMORANDUM **
1. The district court properly dismissed the majority of Sharon Hammer’s (“Hammer”) claims in a Federal Rule of Civil Procedure 12(c) Order because Hammer executed a contractual release of these claims in exchange for a severance payment. Idaho law holds that when a contract is unambiguous, “the meaning of the contract and intent of the parties must be determined from the plain meaning of the contract’s own words.” City of Idaho Falls v. Home Indem. Co., 126 Idaho 604, 888 P.2d 383, 386 (1995). We conclude that the supplemental release that Hammer and her attorney-husband James. Donoval (“Donoval”) drafted and provided to the City of Sun Valley (the “City”) was unambiguous and therefore waived “any and all claims for damages arising from a termination without cause” as stated in her original employment agreement.
2. The district court did not abuse its discretion by failing to allow Hammer to convert the 12(c) motion to a summary judgment motion. In the 12(c) motion, Ap-pellees sought judgment on the pleadings arising from Hammer waiving her claims pursuant to the supplemental release. In Idaho, if the contract’s terms are unambiguous, then the determination of the contract’s meaning and legal effect are questions of law appropriately reviewable in a 12(c) motion. See Wylie v. State, Idaho Transp. Bd., 151 Idaho 26, 253 P.3d 700, 706 (2011).
Because we conclude that the terms of the supplemental release were unambiguous, rendering the interpretation of the contract a matter of law, the district court did not abuse its discretion in denying Hammer’s motion to convert the 12(c) motion to a summary judgment motion.
3. We reverse the dismissal of Hammer’s unconstitutional bias claim, the dismissal of the claims against Nils Ribi and DeWayne Briscoe in their individual capacity, and the dismissal of Donoval’s claim. We reverse to clarify the grounds for the district court’s dismissal because we are unable to determine the reasoning as to why these claims were dismissed.
4. We reverse and remand the dismissal of Hammer’s liberty interest, stigma plus claim. This Circuit has two differing tests for a liberty interest, stigma plus claim: the first is identified in Brady v. Gebbie, 859 F.2d 1543 (9th Cir. 1988) (the “Gebbie test”), and the second in Campanelli v. Bockrath, 100 F.3d 1476 (9th Cir. 1996) (the “Campanelli test”). The Gebbie test is less exacting than the Campanelli test, as Campanelli requires the plaintiff to plead and prove that the statements at issue were substantially false.
The district court conflated the Gebbie and Campanelli tests, granting summary judgment based on unclear doctrine. Moreover, the district court ultimately determined that the statements at issue were substantially false, although the falsity of what was promulgated about Hammer remained a genuine issue of material fact. As such, because the district court improperly granted summary judgment on Hammer’s liberty interest, stigma plus claim, we reverse and remand.
5. The district court did not abuse its discretion in failing to allow Hammer to *661 amend her complaint. “Denial of leave to amend is not an abuse of discretion where the district court could reasonably conclude that further amendment would be futile.” Sylvia Landfield Tr. v. City of Los Angeles, 729 F.3d 1189, 1196 (9th Cir. 2013) (citing Allwaste, Inc. v. Hecht, 65 F.3d 1523, 1530 (9th Cir. 1995)). The district court in this case reasonably concluded that further amendment would be futile based on Hammer’s waiver of her claims, and we therefore affirm.
6. We reverse the district court’s costs entered against Hammer and Dpnoval. A district court’s awarding of costs does not constitute an abuse of discretion unless it is “based on an inaccurate view of the law or a clearly erroneous finding of fact.” See Corder v. Gates, 947 F.2d 374, 377 (9th Cir. 1991). Because we are reversing and remanding some of Hammer’s claims, we vacate the entry of costs against Hammer and Donoval.
To conclude, we affirm the district court’s grant of the 12(c) motion; the denial of Hammer’s motion to convert; and the denial of Hammer’s motion to amend. We reverse the district court’s judgment of Hammer’s unconstitutional bias claim; liberty interest, stigma plus claim; the claims against Ribi and Briscoe in their individual capacities; Donoval’s claim; and the entry of costs.
Hammer sought to augment the record in regards to her liberty interest, stigma plus claim. Because we are reversing and remanding this claim, Hammer’s Motion to Augment the Record (Docket Entry 49) is DENIED. Additionally, the Appellees’ Motion to Strike footnote 3 of Hammer’s amended reply brief (Docket Entry 55) is GRANTED.
AFFIRMED in part, REVERSED in part, and REMANDED.
The parties shall bear their own costs.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.