**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KAN-DI-KI, LLC, a California limited
liability company  doing business as
Diagnostic Laboratories,

          Plaintiff-Appellant,

v.

JOHN LESLIE SORENSON and
TIMOTHY JAMES PAULSON,

          Defendants-Appellees.

No.    16-56139

D.C. No.
8:15-cv-01372-JLS-E

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted February 6, 2018
San Francisco, California

Before:  THOMAS, Chief Judge, and D.W. NELSON and CHRISTEN, Circuit
Judges.

    Kan-Di-Ki, LLC, d/b/a Diagnostic Laboratories ("DL"), appeals the district

court's order dismissing its federal claims with prejudice and declining to exercise

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

supplemental jurisdiction over its state law claims. We affirm. Because the parties

are familiar with the history of the case, we need not recount it here.

I

To state a claim under the Racketeer Influenced and Corrupt Organizations

Act ("RICO"), 18 U.S.C. § 1962(c), a plaintiff must allege "(1) conduct (2) of an

enterprise (3) through a pattern (4) of racketeering activity." *Odom v. Microsoft

Corp.*, 486 F.3d 541, 547 (9th Cir. 2007) (en banc) (citation omitted). To allege a

"pattern of racketeering activity," a plaintiff must plead that "the racketeering

predicates are related, *and* that they amount to or pose a threat of continued

criminal activity." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989)

(emphasis in original). To adequately allege the continuity prong, a plaintiff must

allege either "a closed period of repeated conduct" that persisted over a

"substantial period of time" ("closed-ended" continuity) or "past conduct that by

its nature projects into the future with a threat of repetition" ("open-ended"

continuity). *Id.* at 241-42.

A

The district court properly concluded that the amended complaint does not

adequately plead closed-ended continuity. DL alleges that John Sorensen and

Timothy Paulsen perpetrated a fraud scheme that lasted ten months, from January

2012 to October 2012. Even accepting the factual allegations as true and construing them in the light most favorable to DL, the alleged scheme was limited in scope. DL has not adequately alleged that Sorensen and Paulsen perpetrated multiple schemes or that they defrauded any vendors aside from the three x-ray and laboratory vendors named in the amended complaint. We have declined to adopt a bright-line rule for how long an alleged scheme must last to establish closed-ended continuity. *Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1528 (9th Cir. 1995). However, under the circumstances present here, which involved a limited number of participants and a limited number of alleged actual victims, the alleged scheme was too limited and short in duration to sufficiently establish closed-ended continuity.

B

The district court properly concluded that the amended complaint does not adequately plead open-ended continuity. DL argues that Sorensen and Paulsen's conduct during 2012 was part of a regular way of doing business, and thus that their conduct stretches into the future with a threat of repetition. However, the three vendors targeted provided the same types of services (x-ray and laboratory services), and all three were targeted in the same time period. The fact that DL does not identify any other vendors targeted during 2012 suggests that this was a

one-time scheme that was aimed at cutting costs in those service categories (whether fraudulently or legitimately).

DL cites a spreadsheet prepared for Sorensen and Paulsen that lists the total amount of credits received from the three vendors with the words "Total so far" inscribed next to the amounts. The spreadsheet only listed credits received from x-ray and laboratory vendors, and it does not permit the inference that Sorensen and Paulsen were going to begin targeting new categories of vendors. They may merely have intended to seek further credits from the x-ray and laboratory vendors listed on the spreadsheet, whom they had already targeted. Thus, the allegations in the amended complaint are not sufficient to establish open-ended continuity.

C

The district court properly concluded that the amended complaint does not adequately plead post-2012 conduct that would bolster its arguments for closed-ended and open-ended continuity.

1

DL argues that three internal emails sent in 2013 are evidence that fraudulent conduct continued beyond 2012. As the district court observed, these emails may simply reflect that Sorensen and Paulsen were lawfully working to negotiate with vendors. DL does not plausibly allege that these emails are more likely to reflect

an intent to defraud than an intent to reduce costs through legal means. Nor has DL plausibly alleged that these emails were "incident" to a post-2012 fraud scheme, because there are no well-pled allegations that there was any scheme to defraud vendors after 2012. The amended complaint contains no specific facts about any fraudulent conduct toward any identifiable third parties after 2012. Thus, the post-2012 fraud allegations do not bolster DL's arguments for closed-ended or open-ended continuity.

2

DL alleges that Sorensen and Paulsen engaged in conduct after 2012 that was designed to protect and maintain the 2012 scheme, including extortion, obstruction of justice, and witness tampering. The post-2012 non-fraud allegations are not adequately pled, and on that ground alone cannot extend the 2012 fraud scheme. Even if they were adequately pled, actions that merely shield defendants from liability for a past fraudulent scheme do not extend that scheme unless other circumstances suggest that the scheme is not yet complete. *Cf. Sun Sav. and Loan Ass'n v. Dierdorff*, 825 F.2d 187, 194 (9th Cir. 1987) (actions taken to conceal kickbacks posed a threat of continuity because they "in no way completed the criminal scheme"). Thus, the post-2012 non-fraud allegations do not bolster DL's arguments for closed-ended or open-ended continuity.

II

The district court's jurisdiction over this case was premised on the existence of federal law claims. *See* 28 U.S.C. § 1367(c)(3). The district court properly dismissed DL's federal law claims with prejudice. Thus, the court acted within its discretion when it declined to exercise supplemental jurisdiction over the state law claims and dismissed those claims without prejudice. We need not, and do not, determine any other issue urged by the parties.

All pending motions are denied as moot.

**AFFIRMED.**