890 F.2d 688
 58 USLW 2392, RICO Bus.Disp.Guide 7371
 Margaretha WALK, an individual; Maurice Walk, Trustees for
the Cynthia Walk Trust, the Dinand M. Walk Trust
and the Margaretha Walk Trust; Vincent
Ciarlante, Plaintiffs-Appellants,
v.
The BALTIMORE AND OHIO RAILROAD; Chesapeake and Ohio
Railroad; the CSX Corporation, Defendants-Appellees.
 No. 87-3585.
 United States Court of Appeals,
Fourth Circuit.
 Nov. 30, 1989.
Rehearing and Rehearing In Banc Denied Feb. 16, 1990.
 
 Michael P. Malakoff, Ellen M. Doyle, Berger Kapetan Malakoff & Meyers, P.C., Pittsburgh, Pa., for plaintiffs-appellants.
 Wilbur D. Preston, Jr., Richard J. Magid, Ward B. Coe, III, Baltimore, Md., William F. Ryan, Jr., Albany, N.Y., Fenton L. Martin, Whiteford, Taylor & Preston, Baltimore, Md., for defendants-appellees.
 Before WINTER, PHILLIPS and MURNAGHAN, Circuit Judges.
 PHILLIPS, Circuit Judge:
 
 
 1
 This case is before us on remand from the Supreme Court which vacated our earlier opinion, see 847 F.2d 1100 (4th Cir.1988), and remanded for reconsideration in light of H.J., Inc. v. Northwestern Bell Telephone Co., --- U.S. ----, 109 S.Ct. 2893, 106 L.Ed.2d 195 (1989).
 
 
 2
 Upon reconsideration, with the benefit of supplemental briefing by the parties, we have concluded that H.J., Inc. requires us to reverse the district court's dismissal of the two civil RICO claims and to remand the case for further proceedings on those claims.*
 
 
 3
 A brief discussion of our reasons is warranted. In our earlier opinion, we affirmed, though on somewhat different reasoning, the district court's dismissal of the civil RICO claims for failure of the complaint sufficiently to allege a "pattern of racketeering activity." Our analysis saw in the many alleged predicate acts of mail and wire fraud only a single "scheme, limited in scope to the accomplishment of a single discrete objective-forcing out the minority in a single corporate structure." Id. at 1105. This closed-ended characteristic of the alleged predicate acts we thought demonstrated a lack of the "continuity" required to constitute a "pattern" under the test suggested in Sedima S.P.R.L. v. Imrex Co., 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), as applied in our own post-Sedima precedents. While we recognized that even in such a "single scheme" there might be found sufficient continuity of related predicate acts to constitute a pattern under the Sedima test, we thought those alleged here, though they continued over a period of ten years, did not meet the test. In our view, the closed-ended nature of the scheme as alleged did not demonstrate, in our formulation of the Sedima continuity test, "ongoing criminal activities whose scope and persistence pose a special threat to social well-being." Id. at 1104.
 
 
 4
 As we read the Supreme Court's discussion of the critical continuity requirement in H.J., Inc., we conclude that our analysis in this particular case probably gave too little weight to the sheer duration of the predicate acts alleged, and too much to their closed-ended character. The H.J., Inc. Court in fact gave special attention to the proper focus of "continuity" analysis when dealing with what might be considered "closed-ended" or "closed period" criminal activity of the type we identified here. In such cases H.J., Inc. emphasized that though the criminal activity in issue might have come to an end with the consummation of its specific, discrete objective, the requisite continuity might nevertheless be found in the fact that though brought to fruition within a "closed period," the activity had extended within that period "over a substantial period of time." H.J., Inc., 109 S.Ct. at 2902.
 
 
 5
 We do not understand H.J., Inc. to have rejected the general, flexible approach our post-Sedima precedents had developed for inquiring into the continuity requirement; to the contrary, we read in it an endorsement of that basic approach. See id. at 2898-2902 & n. 2. Whether analyzing "closed-ended" or "open-ended" conduct, our approach has been designed to determine on a case-by-case basis whether the "scope and persistence" of predicate acts was such as to demonstrate that they constituted, or sufficiently threatened, "long-term criminal conduct," so as to bring them within Congress' expressed concern with that sort of conduct rather than merely episodic criminal activity. Whether particular activity is "closed-ended" or "open-ended" obviously has relevance to whether it is, or sufficiently threatens to be, "long-term." But H.J., Inc. cautions against giving undue weight to the "closed-ended" nature of particular criminal activity which has persisted over "a substantial period of time." Id. What constitutes a "substantial" duration must of course remain a matter for case-by-case determination. H.J., Inc. suggests that activity extending over only a few weeks or months and threatening no future criminal conduct would not suffice, while holding that in the particular case at issue activity extending over six years might. Id. at 2902, 2906. The Court's guidance on the pattern requirement, as the Court has twice now recognized and lamented, cannot be in bright-line terms, given the statutory text. Nevertheless, we find helpful in this case the Court's most recent effort to focus judicial analysis in making the continuity inquiry.
 
 
 6
 When we first considered whether a RICO "pattern" was sufficiently pleaded here, we conceded that this case presented us the "closest question" we had yet encountered in applying our post-Sedima analysis to the "continuity" requirement. See 847 F.2d at 1104. Then, we thought the balance tipped against finding a pattern adequately alleged, principally because of the "closed-ended" nature of the activity. In light of H.J., Inc.'s special emphasis that the sheer duration of criminal activity might demonstrate the requisite continuity even in closed-ended situations, we now conclude that the balance tips the other way. In H.J., Inc.'s terms, we conclude that activity continuing, as here alleged, for a period of ten years, must be considered to have "extended over a substantial period of time," hence to constitute long-term conduct meeting the pattern requirement, notwithstanding the "closed-ended" nature of the conduct.
 
 
 7
 For these reasons, we reverse the district court's dismissal of the civil RICO claims for failure of the complaint to allege a "pattern of racketeering activity," and remand for further proceedings on those claims. Obviously, in reversing this dismissal on the bare-bones pleadings, we express no view on the merits of the claims. And, as indicated, we reverse only that portion of the judgment which dismissed the RICO claims; our earlier affirmance of the dismissal of the parallel state law claim is unaffected.
 
 
 8
 REVERSED IN PART AND REMANDED.
 
 
 
 *
 Our affirmance of the parallel state-law claim for breach of fiduciary duty is unaffected by the Supreme Court's decision in H.J., Inc., and therefore by this opinion