**Werner POBEL**

v.

**HANS CHRISTIAN YACHTS, INC., et al.**

**Civil No. K–94–3071.**

United States District Court,
D. Maryland.

Aug. 14, 1996.

Thomas John Kennedy, Glen Burnie, Maryland, for Plaintiff.

Henry T. Meneely, Annapolis, Maryland, Allen M. Hutter, Washington, D.C., Philip O. Foard, Towson, Maryland, and Jerome C. Finefrock, Lancaster, Pennsylvania, for Defendants.

### MEMORANDUM AND ORDER

FRANK A. KAUFMAN, Senior District Judge.

(1) This case has been settled as far as all merit issues are concerned.

(2) There is, however, a pending motion for sanctions against plaintiff filed by defendants HCY (Thailand), Ltd. ("HCYT") and Albert T. Chandler. For the reasons that follow, the said motion is hereby denied.

(3) Defendants seek sanctions against plaintiff and/or plaintiff's counsel under Federal Civil Rule 11 as a result of plaintiff's filing of a claim under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962. That RICO claim was not part of plaintiff's original complaint but was included in plaintiff's amended complaint, appropriately filed with this Court on April 28, 1995. Defendants HCYT and Chandler filed a motion to dismiss the RICO claim on February 20, 1996. In a Memorandum and Order dated April 30, 1996, this Court indicated that "[o]n a strong tentative basis, this Court does not believe that plaintiff has shown the type of conduct required to maintain a RICO claim." Plaintiff subsequently dropped both the RICO claim and HCYT and Chandler as defendants, prior to the case finally being settled as to all merit questions.[1]

(4) Rule 11 sanctions are inappropriate where the claims "are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed.R.Civ.P. 11(b). Only where a claimant has "absolutely no chance of success under existing precedent" are such sanctions warranted. *Brubaker v. City of Richmond*, 943 F.2d 1363, 1377 (4th Cir.1991) (quoting *Cleveland Demolition Co., Inc. v. Azcon Scrap Corp.*, 827 F.2d 984, 988 (4th Cir. 1987)).[2]

(5) To state a claim for violation of RICO, a claimant must allege, *inter alia*, a "pattern of racketeering activity." 18 U.S.C. § 1962. The Supreme Court has outlined a

---

1. Because diversity does not exist between plaintiff and defendants HCYT and Chandler, this Court apparently possesses no subject matter jurisdiction over plaintiff's state law claims against HCYT and Chandler, once the RICO claim has been dropped.

2. In *Brubaker,* the district court awarded sanctions for the assertion of an unsuccessful RICO claim, and the Fourth Circuit reversed in that regard.

two-part test, known in short as "continuity plus relationship," for whether a "pattern of racketeering" exists: "a plaintiff . . . must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 239, 109 S.Ct. 2893, 2900, 106 L.Ed.2d 195 (1989). Continuity requires either "a closed period of repeated conduct" or "past conduct that by its nature projects into the future with a threat of repetition." *Id.* at 241, 109 S.Ct. at 2902. Closed-ended continuity, which would appear to be at issue in the within case, may be established "by proving a series of related predicates extending over a substantial period of time." *Id.* at 242, 109 S.Ct. at 2902. "What constitutes a 'substantial' duration must of course remain a matter for case-by-case determination." *Walk v. Baltimore and Ohio R.R.*, 890 F.2d 688, 690 (4th Cir.1989). "Several factors are considered, including: the number and variety of predicate acts, the length of time over which they were committed, the number of putative victims, the presence of separate schemes, and the potential of multiple distinct injuries." *Park v. Jack's Food Systems, Inc.*, 907 F.Supp. 914, 920 (D.Md.1995) (Motz, C.J.). At least one court has said that the duration of time over which a scheme alleged occurred is "the most significant factor." *United States v. Pelullo*, 964 F.2d 193, 208 (3d Cir.1992).[3]

▪ (6) Plaintiff does not appear to have demonstrated the type of continuous criminal activity which would give rise to a RICO claim. In this Court's view, however, Rule 11 sanctions are not warranted because plaintiff was not in a position of having "absolutely no chance of success under existing precedent." *Brubaker*, 943 F.2d at 1377 (quoting *Cleveland Demolition*, 827 F.2d at 988).

(7) In the within case, plaintiff contracted to purchase a yacht from certain other defendants in the case. Defendant HCYT, of which Chandler was President, agreed to construct that yacht. Plaintiff claims that defendants did not intend to complete the yacht but nonetheless, over the course of nearly two years, induced plaintiff to make numerous payments to defendants. The asserted fraudulent activities involved seventeen facsimile transmissions, including several requests for new financing arrangements, and took roughly from October, 1992, to August, 1994. HCYT and Chandler allegedly were involved in most of the relevant activities. Plaintiff also claims that defendants perpetrated similar schemes against other victims, who are not parties to this case.

(8) In view of the case-by-case approach taken by courts in evaluating RICO claims, plaintiff could have argued on a nonfrivolous basis that the facts of his case were similar to those in cases where RICO violations were established. The key inquiry—whether the time period at issue here was "a substantial period of time," *H.J. Inc.*, 492 U.S. at 242, 109 S.Ct. at 2902—would appear to present a nonfrivolous question. In *United States v. Pelullo*, 964 F.2d at 210, the Third Circuit concluded that, where a corporate officer allegedly defrauded his corporation over the course of 19 months, the continuity requirement had been met. *See also Metromedia Co. v. Fugazy*, 983 F.2d 350, 369 (2d Cir. 1992) (two years enough), *cert. denied*, 508 U.S. 952, 113 S.Ct. 2445, 124 L.Ed.2d 662 (1993). Although the Fourth Circuit has taken a "strict view toward the pattern requirement," *Park*, 907 F.Supp. at 919 (citing *Menasco, Inc. v. Wasserman*, 886 F.2d 681, 683 (4th Cir.1989)), it would appear that plaintiff, by relying largely on cases from other circuits, may argue in good faith that it met the continuity prong of the pattern test.

(9) Defendants further assert that, regardless of the allegations plaintiff made, plaintiff was not in possession of sufficient facts to bring forward and to support his allegations. Defendants base that contention largely on plaintiff's request that he should have been allowed to take discovery before the Court ruled on defendants' motion to dismiss the RICO claim. Defendants note, for example, that in a filing dated March 1, 1996, plaintiff

---

**3.** Defendants do not appear ever to have contended that the alleged racketeering acts were not related. Whether continuity existed appears to be the determinative issue with regard to which defendants presented their motion to dismiss.

asked this Court not to rule on the motion to dismiss because it was "premature at this time to address the issue of 'pattern of racketeering activity' as most of the information regarding the predicate acts necessary would be in the possession of the defendants." Such a statement would not appear to be the type of admission of failure to investigate, which defendants claim it is. In light of the case-by-case approach courts have taken to RICO cases, plaintiff reasonably could have wished to buttress his argument through discovery.

(10) Copies of this Memorandum and Order and of a separate Order are today being sent to counsel of record.

(11) It is so Ordered, this 14th day of August, 1996.