9 F.3d 1552
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John McGUIRE; Regent International, Plaintiffs-Appellants,
v.
Howard A. LEVIN; et al., Defendants-Appellees.
 No. 92-16831.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 8, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John McGuire, pro se, and Regent International (collectively "appellants") appeal the district court's order dismissing their action pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Appellants had alleged claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-68, and 42 U.S.C. § 1983. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1306 (9th Cir.1992), cert. denied, 113 S.Ct. 1644 (1993), and affirm.
 
 
 3
 * RICO Claim
 
 
 4
 In their complaint, appellants alleged the defendants violated 18 U.S.C. § 1962(b) & (d). Section 1962(b) provides that "[i]t shall be unlawful for any person through a pattern of racketeering activity or through collection of an unlawful debt to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." Id. § 1962(b). Essential to a claim under section 1962(b) is an allegation of a "pattern of racketeering." Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1533 (9th Cir.1992). "[T]o prove a pattern of racketeering activity a plaintiff ... must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 239 (1989); see also Sever, 978 F.2d at 1535. "Continuity is demonstrated if the illegal conduct poses a threat of continued criminal activity, such as when the illegal conduct is 'a regular way of conducting [a] defendant's ongoing legitimate business.' " Sever, 978 F.2d at 1535 (quoting H.J. Inc., 492 U.S. at 243) (alteration in original); see also Medallion Tel. Enters. v. SelectTV of Cal., Inc., 833 F.2d 1360, 1363 (9th Cir.1987) (stating that "[t]he presence or absence of continuity among the acts is the distinguishing factor in our cases"), cert. denied, 492 U.S. 917 (1989).
 
 
 5
 Appellants contend the district court erred by finding they were required to allege the existence of an "enterprise" distinct from the "persons" alleged to be the defendants. Appellants are correct that section 1962(b) does not require that the 'person' and the 'enterprise' be distinct," Sever, 978 F.2d at 1535 n. 3, but they misapprehend the district court's holding. The district court did not find that the "person" and "enterprise" must be distinct. Rather, the court correctly stated that appellants failed to allege sufficiently the existence of an enterprise apart from a pattern of racketeering activity. See United States v. Turkette, 452 U.S. 576, 583 (1981). Thus, the point appellants raise is irrelevant.
 
 
 6
 Appellants also contend the complaint contained allegations sufficient to state a claim for conspiracy. This contention lacks merit. Even if we assume the truth of appellants' allegations, they show at most that defendants' conduct was aimed only at the Colfax Pines development project. This is not sufficient to show the "pattern of racketeering" necessary to support a claim under section 1962(b). See Medallion Tel. Enters., 833 F.2d at 1363-64 (concluding no pattern of racketeering existed where case involved "single alleged fraud with a single victim"). In addition, aside from appellants' conclusory allegations, there is no indication that defendants engage in the alleged conduct as a regular way of doing business. See Sever, 978 F.2d at 1535; Ticor Title Ins. Co. v. Florida, 937 F.2d 447, 450 (9th Cir.1991). Finally, because appellants failed to establish a "pattern of racketeering," they also failed to state a claim under section 1962(d).[1] See Religious Tech. Ctr. v. Wollersheim, 971 F.2d 364, 367 n. 8 (9th Cir.1992) (per curiam) (concluding conspiracy claim under section 1962(d) failed because plaintiff failed to allege substantive elements of RICO claim). The district court did not err by dismissing appellants' RICO claim.
 
 II
 Section 1983 Claims
 
 7
 Appellants alleged three claims under 42 U.S.C. § 1983. First, appellants claimed that defendant Levin, Levin's attorney, and other private defendants conspired with an attorney for the City of Colfax to violate appellants' civil rights by obtaining a state court order against them without due process of law.[2] Second, appellants claimed that Levin and other private defendants conspired with city officials to delay approval of the Colfax Pines development project and prevent the county recorder from recording the approved development plan. Finally, appellants made a number of allegations ranging from bribery of Sonoma County judges to instigation of false criminal charges.
 
 
 8
 We conclude for several reasons that the district court correctly dismissed appellants' section 1983 claims. First, private actors do not become state actors merely by resorting to the state courts for relief. See Lopez v. Department of Health Servs., 939 F.2d 881, 883 (9th Cir.1991) (per curiam). Appellants' conclusory allegations that the private defendants conspired with a Colfax city attorney are not sufficient to satisfy the tests for determining whether a private individual has acted under color of state law. See id. (setting forth "joint action" and "governmental nexus" tests); Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir.) (claim of conspiracy under section 1983 must be supported by specific facts showing existence of conspiracy), cert. denied, 113 S.Ct. 599 & 113 S.Ct. 600 (1992).
 
 
 9
 Second, while appellants claimed that defendant Colfax city officials acted arbitrarily or improperly, appellants did not allege any specific facts to support their claim. Vague and conclusory allegations of official participation in civil rights violations are insufficient to withstand a motion to dismiss. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).
 
 
 10
 Third, to the extent appellants' action is based on actions taken solely by the defendant city officials, the action is barred by the statute of limitations. The statute of limitations for section 1983 actions brought in California is one year. See Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 688 (9th Cir.1993); Cal.Civ.Proc. Code § 340(3). When a section 1983 action is based on a claim of conspiracy, the limitations period begins to run from the date of the last overt act. See Gibson v. United States, 781 F.2d 1334, 1340 (9th Cir.1986), cert. denied, 479 U.S. 1054 (1987). Here, the last overt act alleged to have been taken by the defendant city officials occurred on June 14, 1991. Because appellants filed their complaint more than one year later, on June 29, 1992, the district court did not err by dismissing this portion of their action as untimely.
 
 III
 Other Claims
 
 11
 In their brief on appeal, appellants contend the district court erred because John McGuire is a pro se litigant and should have been afforded the special considerations normally given to pro se litigants. The complaint, however, was prepared by the attorney representing Regent International. Moreover, the district court explicitly notified appellants of the deficiencies of the complaint and gave appellants an opportunity to amend. Appellants failed to take advantage of that opportunity.
 
 
 12
 Appellants also contend they were denied due process because the attorney representing Regent International is mentally incompetent. This contention lacks merit. John McGuire appeared pro se below. Thus, he cannot seek relief from the district court's judgment based on the actions of the attorney for Regent International. Moreover, Regent International is bound by its choice of attorney and the attorney's actions. See Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir.1986) ("[t]rial courts generally do not intervene to save litigants from their choice of counsel"). Any remedy Regent International may be entitled to as a result of faulty representation, is more properly sought in another forum.
 
 
 13
 Appellants' other contentions on appeal are completely lacking in merit.
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Section 1962(d) provides that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section."
 
 
 [2]
 The order was a default judgment declaring Levin to be in partnership with appellants in connection with the Colfax Pines development project and further declaring Levin to be the managing partner of the partnership
 
 
 [3]
 The motion to withdraw as counsel of record filed by Michael F. O'Donnell is granted. The "Request to Strike Fraudulently Induced Attorney Signature" filed by John E. Wolfgram is denied