**CONNECTICUT GENERAL LIFE INSURANCE COMPANY, et al., Plaintiffs—Appellees,**

v.

**Ezeckiel ZILKA, M.D., Saghi Zilka, et al., Defendants—Appellants,**

and

**New Images of Beverly Hills, et al., Defendants.**

**No. 02–56021.
D.C. No. CV–99–08197–TJH–17.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2003.

Decided March 3, 2003.

Before B. FLETCHER and HAWKINS, Circuit Judges, and BURY,* District Judge.

MEMORANDUM**

The district court did not abuse its discretion by imposing terminating sanctions with respect to plaintiffs' fraudulent conveyance claim. Appellants argue that the district court's original discovery order should be vacated because plaintiffs failed to comply with local "meet and confer"

rules. We have previously affirmed the district court's motion to compel discovery, and various follow-up orders, "in all respects." Law of the case precludes reconsideration of the validity of the district court's discovery order. *See Leslie Salt Co. v. United States,* 55 F.3d 1388, 1392 (9th Cir.1995).

Appellants cannot assert "good faith compliance" with the discovery orders, because they continued to withhold documents that they believed were privileged, even though the district court had rejected their discovery objections. Appellants' argument that their appeal of the district court's discovery order justified their defiance of that order is baseless. Interlocutory appeals cannot be taken from discovery orders, *see Admiral Ins. Co. v. United States Dist. Ct.,* 881 F.2d 1486, 1490 (9th Cir.1989), and, absent a stay, a party must comply with an order until reversed by appeal. *Maness v. Meyers,* 419 U.S. 449, 458–59, 95 S.Ct. 584, 42 L.Ed.2d 574 (1975). Furthermore, appellants base their claim of privilege on California law. Plaintiffs' RICO claim raised a federal question and therefore federal privilege law applies to the entire action, including pendent state law claims. *See Religious Tech. Ctr. v. Wollersheim,* 971 F.2d 364, 367 n. 10 (9th Cir.1992); *Folb v. Motion Picture Indus. Pension & Health Plans,* 16 F.Supp.2d 1164, 1169 (C.D.Cal.1998) *aff'd,* 216 F.3d 1082 (9th Cir.2000).

Ezeckiel Zilka also asserts that he should not be compelled to produce documents not in his legal control. Portions of this argument are irrelevant to this appeal, as they pertain to his ability to produce documents of entities controlled by Haya Zilka. To the extent Ezeckiel is arguing

that he did not have to produce documents pertaining to the Beverly Hills home because he does not own it, this is of course the very subject of dispute, and this argument is also precluded by law of the case, as it was made and rejected on the prior appeal.

The remaining arguments[1] are raised for the first time on appeal or were raised for the first time to the district court in a motion to reconsider the sanctions. *See Self–Realization Fellowship Church v. Ananda Church of Self–Realization,* 59 F.3d 902, 912 (9th Cir.1995) ("A party does not properly preserve an issue for appeal by raising it for the first time in a motion for reconsideration."). Accordingly, the remaining issues have been waived.

AFFIRMED.

---

1. Appellants argue that the district court failed to employ the correct test for imposing terminating sanctions, failed to consider lesser sanctions and failed to conduct an evidentiary hearing. They also argue that plaintiffs did not establish that they suffered prejudice from the appellants' failure to comply with the discovery order or that plaintiffs acted in bad faith.