**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 6, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SUZANNE SHELL,

        Plaintiff-Appellant,

v.

JOLENE DeVRIES, ANNA HALL
OWEN and UNKNOWN
DEFENDANT DOE,

        Defendants-Appellees.

No. 07-1086

District of Colorado

(D.C. No. 06-CV-00318-REB-BNB)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **EBEL**, and **McCONNELL**, Circuit Judges.

---

Suzanne Shell appeals from the district court's dismissal of her claim of

copyright infringement. The case arose when the defendants printed ten pages

from Ms. Shell's website to use as evidence in unrelated litigation. Ms. Shell's

website forbids any reproduction without prior permission, which may be

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

purchased for $5,000 per page per copy. The defendants did not obtain Ms. Shell's permission to print the materials. Ms. Shell filed suit for copyright violation. The defendants moved for judgment on the pleadings under Fed. R. Civ. P. 12(b)(6), on the ground that, based on the allegations in Ms. Shell's complaint, their reproduction of the pages from the website constituted fair use. The district court agreed, and dismissed Ms. Shell's action.

We review de novo the district court's grant of a motion for judgment on the pleadings. *Park Univ. Enters., Inc. v. American Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006). "Judgment on the pleadings should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted). "[W]e accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Id.*

Section 107 of the Copyright Act lists the factors to consider in determining "fair use":

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
> (2) the nature of the copyrighted work;
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
> (4) the effect of the use upon the potential market value for or value of the copyrighted work.

17 U.S.C. §107. This Court has not yet decided whether use of copyrighted material as evidence in a judicial proceeding constitutes fair use. The Ninth Circuit has found that use of copyrighted material as evidence in judicial proceedings is fair use, so long as the users do not reproduce the work for its "intrinsic purpose." *Jartech, Inc. v. Clancy*, 666 F.2d 403, 406-07 (9th Cir. 1982). *See also Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367 (9th Cir. 1992). "[W]orks are customarily reproduced in various types of judicial proceedings . . . and it seems inconceivable that any court would hold such reproduction to constitute infringement either by the government or by the individual parties responsible for offering the work in evidence." 3 M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 13.05[D] at 13-91 (1991).

We need not decide in this case whether the reproduction of copyrighted materials for use in judicial proceedings is *per se* fair use. Here, the district court thoroughly examined each of the statutory factors, studied the specific circumstances of the case, and found that they weigh in favor of fair use. The court explained its conclusions in detail. We have carefully examined the record, the district court's analysis, and the arguments in Ms. Shell's briefs in this Court, and for substantially the reasons stated by the district court, conclude that the defendants' reproduction of pages from her website constituted fair use.

The judgment of the United States District Court for the District of Colorado is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge