**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 26 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL WARD; et al., | No. 08-56614 |
| Plaintiffs - Appellants, | D.C. No. CV-07-01085-GPS-JTL |
| v. | |
| KROGER COMPANY, an Ohio corporation; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
George P. Schiavelli, District Judge, Presiding

Argued and Submitted February 5, 2010
Pasadena, California

Before: B. FLETCHER, PREGERSON, and GRABER, Circuit Judges.

This class action concerns the harm resulting from a well-publicized lockout

by Ralphs grocery stores in Southern California in late 2003 and early 2004.

Plaintiffs are individual union employees of Ralphs who brought civil claims under

the Racketeer Influenced and Corrupt Organizations Act ("RICO") against

Defendants Ralphs, Fred Meyer (the parent company of Ralphs), Kroger (the

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

parent company of Fred Meyer), and individual employees of the three grocery stores. The district court dismissed the claims against Ralphs, and Plaintiffs do not appeal that ruling. After having granted leave to amend three times, the district court dismissed Plaintiffs' third amended complaint. On de novo review, <u>Scharff v. Raytheon Co. Short Term Disability Plan</u>, 581 F.3d 899, 903 (9th Cir. 2009), we affirm.

1. Through their unions, Plaintiffs waived their right to sue Kroger. <u>See</u> <u>Mahon v. NLRB</u>, 808 F.2d 1342, 1345 (9th Cir. 1987) (noting that "it has long been recognized that a union may waive a member's statutorily protected rights" (citing <u>Metro. Edison Co. v. NLRB</u>, 460 U.S. 693, 705 (1983))). The district court's dismissal of all claims against Kroger therefore was proper.

2. Plaintiffs failed to allege a "pattern" of racketeering activity sufficient to meet the continuity requirement. <u>See</u> <u>Turner v. Cook</u>, 362 F.3d 1219, 1229-30 (9th Cir. 2004) (discussing the continuity requirement). The lockout lasted only a few months. At best, the allegations in the complaint of specific predicate acts encompass the period from September 30, 2003, to February 29, 2004. "Activity that lasts only a few months is not sufficiently continuous." <u>Howard v. Am. Online Inc.</u>, 208 F.3d 741, 750 (9th Cir. 2000); <u>see also</u> <u>Religious Tech. Ctr. v. Wollersheim</u>, 971 F.2d 364, 367 (9th Cir. 1992) (per curiam) ("A pattern of

2

activity lasting only a few months does not reflect the 'long-term criminal conduct' to which RICO was intended to apply." (quoting H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 242 (1989))). Plaintiffs' allegations encompass a shorter period of time than the time period at issue in Wollersheim, which we rejected as insufficient. We therefore affirm the district court on this ground.

Plaintiffs incorrectly assert that we may not reach this issue. "[W]e can affirm on any ground supported by the record." Thompson v. Paul, 547 F.3d 1055, 1058-59 (9th Cir. 2008). Nor is this ground a surprise to Plaintiffs. The district court dismissed an earlier version of Plaintiffs' complaint on this very ground, and the issue was fully briefed on appeal.

For similar reasons, we reject Plaintiffs' argument that we should remand to the district court to permit yet another amendment to the complaint. As noted, Plaintiffs have amended the complaint three times. Additionally, no amount of amendment could change the fact that the lockout lasted only a few months. The later alleged cover-up is not part of the same "pattern" of racketeering activity that forms the basis for the claim.

3. Because we affirm on the ground that Plaintiffs failed to state a claim, we need not reach the preclusion or exclusivity issue.

**AFFIRMED**.

3