**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: TINA CHI HOUNG,<br><br>　　　　　Debtor.<br><br>———————————————————<br><br>NICK ARGAMAN ALDEN,<br><br>　　　　　Appellant,<br><br>　　v.<br><br>EDWARD M. WOLKOWITZ,<br><br>　　　　　Appellee. | No. 12-60089<br><br>BAP No. CC-12-1208-DHKi<br><br>MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Hollowell, and Dunn, Bankruptcy Judges, Presiding

Submitted February 10, 2015**
Pasadena California

Before: GRABER, WARDLAW, Circuit Judges, and MAHAN,*** District Judge.

Nick Alden, a California attorney, appeals pro se from the Bankruptcy

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\**      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\***      The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

Appellate Panel's ("BAP") decision affirming the bankruptcy court's entry of default judgment. We have jurisdiction under 28 U.S.C. § 158(d)(1). Reviewing de novo, *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009), we affirm.

This appeal arises out of the Chapter 7 bankruptcy proceeding of Tina Chi Houng. Edward Wolkowitz, appellee and Trustee for the bankruptcy estate, filed an adversary proceeding against Alden seeking a determination that $250,000 in proceeds that Alden received from the sale of Houng's residence was a fraudulent transfer. The bankruptcy court, after several hearings, granted the Trustee's motion for entry of default judgment.

The bankruptcy court did not abuse its discretion in entering default judgment because Alden failed to file a timely answer, failed to attend the hearing on his own motion to set aside the order of default, and failed to present evidence establishing a dispute as to material facts after having several opportunities to do so. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986) (setting forth the standard of review and the factors the court may consider in deciding whether to enter default judgment).

Alden's contention that the adversary proceeding is barred by the statute of limitations fails because a Trustee is permitted to recover transfers made within two years of the petition date. *See* 11 U.S.C. § 548. Houng transferred funds to

Alden on October 26, 2006, well within two years of the December 5, 2007 petition date in Houng's Chapter 7 bankruptcy proceedings.

Alden contends that the bankruptcy court erred by (1) entering default after he had made a general appearance in court, and (2) failing to address his asserted immunities and defenses under California law. These contentions fail because state procedures and immunities do not apply in a federal proceeding. *See Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367 n.10 (9th Cir. 1992) (per curiam) (explaining that state immunities are generally not recognized under federal common law); *United States v. Tacoma Oriental S.S. Co.*, 86 F.2d 363, 366 (9th Cir. 1936) ("[S]tate law is not controlling in the federal courts in the determination of the question as to whether an appearance is general or special.").

Alden's contention that the bankruptcy court erred in entering default judgment while his son remained a defendant fails because the court may enter a final judgment against one or more, but fewer than all, parties when it expressly determines, as it did here, that there is no just reason for delay. *See* Fed. R. Civ. P. 54(b).

Alden's remaining contentions, including that the Trustee had unclean hands, are unpersuasive.

**AFFIRMED.**

3