**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

JUN 18 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOAN BROWN KEARNEY, | No. 12-57334 |
| Plaintiff - Appellant, | D.C. No. 3:05-cv-02112-AJB-MDD |
| v. | |
| FOLEY & LARDNER, LLP; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted February 5, 2015
Pasadena, California

Before: PREGERSON and NGUYEN, Circuit Judges and CARR,[**] Senior District Judge.

Plaintiff-Appellant Joan Brown Kearney appeals the district court's

dismissal of her 42 U.S.C. § 1983; Racketeer Influenced and Corrupt

Organizations Act, 18 U.S.C. §§ 1961, et seq. ("RICO"); and RICO conspiracy

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable James G. Carr, Senior District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

claims.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review de novo a district court's dismissal of a complaint (1) for failure to state a claim, and (2) on statute of limitations grounds.  *Daniel v. Cnty. of Santa Barbara*, 288 F.3d 375, 380 (9th Cir. 2002).  We reverse and remand.

**1.**  California's two-year statute of limitations governing Kearney's § 1983 claim had not run when she filed her federal action.  A "tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages."  *Wallace v. Kato*, 549 U.S. 384, 391 (2007) (quoting 1C Corman, *Limitations of Actions* § 7.4.1 (1991)).  The government may not take "private property . . . for public use, *without just compensation*."  U.S. Const. amend. V (emphasis added).  This means that "no constitutional violation occurs until just compensation has been denied."  *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 194 n.13 (1985).

Because of the circumstances of this case, just compensation was not denied until Kearney sought compensation through *all* available state procedures.  *See Daniel*, 288 F.3d at 382.  Thus, it was only when the California Supreme Court finally declined Kearney's request for review in May 2004 that the state failed to provide just compensation and Kearney's claim accrued.  *See Williamson*, 473 U.S. at 195.  Because Kearney's § 1983 claim accrued less than two years before she

2

filed her federal complaint in November 2005, her § 1983 claim is not time-barred.

**2.** The district court erred in dismissing Kearney's RICO claim for insufficiently alleging a pattern of racketeering activity. A pattern of racketeering activity requires at least two related predicate acts that "*amount to* or pose a threat of continued criminal activity." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989) (emphasis added). Here, the fraudulent acts alleged *amount to* continued criminal activity. *See id.*; *Allwaste, Inc. v. Hecht,* 65 F.3d 1523, 1528 (9th Cir. 1995).

Kearney alleged closed-ended continuity. Closed-ended continuity is demonstrated "by proving a series of related predicates extending over a substantial period of time." *H.J. Inc.*, 492 U.S. at 242.; *cf. Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004) ("[T]o allege *open-ended* continuity, a RICO plaintiff must charge a form of predicate misconduct that 'by its nature projects into the future with a threat of repetition.'" (emphasis added) (quoting *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 366 (9th Cir. 1992))). Kearney alleged that the series of related predicate acts began in April 2000 and ended at the earliest in November 2002. More than two years amounts to a substantial period of time to satisfy the closed-ended continuity requirement. *See Allwaste*, 65 F.3d at 1528 (thirteen months may demonstrate a "substantial period of time"). Because

3

Kearney alleged that the predicate acts amounted to a substantial period of time, she was not required to allege that the acts posed a threat of continued criminal activity. *See H.J. Inc.*, 492 U.S. at 241–42.

Additionally, Kearney was not required to show multiple schemes and multiple victims to demonstrate a pattern of racketeering activity. *See id.* at 240–41. A "pattern" does not require multiple schemes "so long as the predicate acts involved are not isolated or sporadic." *Turner*, 362 F.3d at 1229 (citing *Sun Sav. and Loan Ass'n v. Dierdorff*, 825 F.2d 187, 193–94 (9th Cir. 1987)); *see also H.J. Inc.*, 492 U.S. at 240–41. The acts here were not isolated or sporadic; they occurred consistently, without break, for two years. Likewise, a pattern does not require multiple victims. *See Sun Sav.*, 825 F.2d at 191–94 (RICO case involving one victim).[1]

---

[1] The district court distinguished *Sun Savings* because the single victim in that case had been harmed multiple times through multiple kickbacks and the harm alleged posed a continuing threat of criminal activity. We cannot distinguish *Sun Savings* from the case at bar. Here, like in *Sun Savings*, Kearney alleged she was harmed multiple times through multiple predicate acts of fraud by the defendants. Moreover, the plaintiff in *Sun Savings* alleged that the harm suffered, spanning approximately three months, posed a continuing threat of criminal activity. Under *H.J. Inc.*, the *Sun Savings* plaintiff could not have demonstrated that the harm amounted to a substantial period for closed-ended continuity because of the short duration of time, but she could demonstrate open-ended continuity by demonstrating that the harm posed a continuing threat. *See H.J. Inc.*, 492 U.S. at 241–42. Kearney, on the other hand, sufficiently alleged closed-ended continuity

(continued...)

The district court erred in dismissing Kearney's complaint for failing to sufficiently plead "a pattern of racketeering activity." We reverse the dismissal of Kearney's RICO claim.[2]

**3.** Because Kearney sufficiently alleged a pattern of RICO activity, we also reverse the dismissal of her RICO conspiracy claim.

**REVERSED and REMANDED.**

---

[1](...continued)
because the predicate acts, spanning over two years, amounted to a substantial period. She was therefore not required to allege that the harm suffered posed a continuing threat. *See id*.

[2] Defendants contend that Kearney did not and could not adequately allege a RICO claim for several other reasons. We leave it to the district court to determine these issues in the first instance on remand.