**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 24 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOAN BROWN KEARNEY, | No. 16-56593 |
| Plaintiff-Appellant, | D.C. No. 3:05-cv-02112-AJB-JLB |
| v. | |
| FOLEY & LARDNER, LLP; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Argued and Submitted March 8, 2018
Pasadena, California

Before: WALLACE and NGUYEN, Circuit Judges, and SIMON,[**] District Judge.

Joan Kearney ("Kearney") appeals from the district court's summary

judgment. We have jurisdiction under 28 U.S.C. § 1291. We review a district

court's summary judgment de novo, *Branch Banking & Tr. Co. v. D.M.S.I., LLC*,

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

871 F.3d 751, 759 (9th Cir. 2017), and may affirm on any ground supported by the record. *Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 973 (9th Cir. 2017). We affirm.[1]

Kearney owned land in California (the "Property"). A local school district exercised eminent domain. When Kearney and the school district were unable to agree upon fair compensation, a California state court jury resolved the valuation dispute. Defendant Foley & Lardner, LLP and two of its then-partners represented the school district in the state court valuation trial. Defendant McCarty is the former business manager of the school district who supervised the condemnation.

Before trial, McCarty commissioned an engineering firm to assess the Property's suitability for a septic system, including percolation testing. The school district's architect, however, directed the firm to suspend its work after the school district decided to connect to a sewer system, rather than install a septic system. McCarty testified in deposition that he thought that testing had been done but no results were produced. At the state court trial, Kearney's valuation expert opined that the Property had a fair market value of $1.4 million based on its ability to support a certain number of residential lots. The school district's expert appraised

---

[1] This is Kearney's third appeal in this case. *See Kearney v. Foley & Lardner, LLP*, 590 F.3d 639 (9th Cir. 2009) (reversing dismissal under *Noerr-Pennington*); *Kearney v. Foley & Lardner, LLP*, 607 F. App'x 757 (9th Cir. 2015) (reversing judgment on the pleadings).

the Property at $850,000 based on an assumption of fewer lots. The jury awarded Kearney $953,000.

After the state court trial, Kearney learned that percolation testing had been completed, but not disclosed. Kearney filed several motions for a new trial, which were denied by the trial court. Kearney appealed. The California Court of Appeal affirmed, holding that Kearney failed to show she had been denied a fair trial. The California Court of Appeal also noted that Kearney should have more timely and thoroughly pursued discovering the test results before trial.

Having received no relief in state court, Kearney sued the school district's former business manager and outside law firm and lawyers (the Defendants in the present action) in federal court. Invoking 42 U.S.C. § 1983, Kearney alleged unlawful taking of property in violation of the Fifth Amendment. Kearney also alleged violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, et seq. ("RICO").[2] The district court granted summary judgment, and Kearney appealed.

We affirm based on collateral estoppel (also known as "issue preclusion"), which applies "(1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who

---

[2] Kearney also alleged state law claims that were dismissed by district court. Those claims are not at issue in this appeal.

was a party in the first suit or one in privity with that party." *DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 825 (2015). Federal courts must "give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 482 (1982) (quoting *Allen v. McCurry*, 449 U.S. 90, 96 (1980)) (internal quotation marks omitted). "The State must, however, satisfy the applicable requirements of the Due Process Clause. . . . [F]ederal courts are not required to accord full faith and credit to [a constitutionally infirm] judgment." *Id*. Thus, we must consider whether California would give preclusive effect to the previously-conducted state court valuation trial and whether due process was provided.

California gives preclusive effect to earlier proceedings, even when the suppression of evidence or other discovery misconduct is alleged.

> Fraud by a party will not undermine the conclusiveness of a judgment unless the fraud was extrinsic, i.e., it deprived the opposing party of the opportunity to appear and present his case. The suppression of evidence is intrinsic fraud. Therefore, a judgment does not lose its res judicata effect because it was entered while evidence was being suppressed.

*Eichman v. Fotomat Corp.*, 147 Cal. App. 3d 1170, 1175-76 (Ct. App. 1983) (internal citation omitted). Relatedly, California does not permit victims of judgments procured by false testimony or suppressed evidence to bring a separate action for damages. *Cedars-Sinai Med. Ctr. v. Superior Court*, 18 Cal. 4th 1, 9-10 (1998). In *Cedars-Sinai*, the California Supreme Court considered the doctrines of

4

res judicata and collateral estoppel and concluded that "a judgment may not be collaterally attacked on the ground that evidence was falsified or destroyed." *Id*. at 10. As the court explained, to allow an action for damages based on litigation misconduct "would be productive of endless litigation." *Id*. at 9-10 (quoting *Smith v. Lewis*, 3 Johns. Cas. 157, 168 (N.Y. Sup. Ct. 1808) (Kent, C.J.)).

As found by the California trial and appellate courts, Kearney did not diligently pursue discovery before her state court trial. Moreover, even if Kearney had diligently pursued discovery and Defendants had willfully suppressed such evidence, California law is firm that such intrinsic fraud does not upset the finality of an earlier judgment. The state court trial and post-trial motions were Kearney's "opportunity for making the truth appear." *Pico v. Cohn*, 91 Cal. 129, 134 (1981). If a litigant is "overborne by perjured testimony" or, as alleged in this case, by suppressed evidence "and if he likewise fails to show the injustice that has been done him[,] on motion for a new trial, and the judgment is affirmed on appeal, he is without remedy." *Id*. Because Kearney does not challenge the state court procedures that were available to her and because there is no indication in the record that the state proceeding was constitutionally deficient, Kearney was afforded a full and fair opportunity to litigate the value of the Property. Thus, the earlier judgment regarding value must be given preclusive effect. *See Kremer*, 456 U.S. at 485.

Because Kearney cannot relitigate the value of the Property, her claims under Section 1983 and RICO fail. If Kearney received fair compensation for the Property, there is no unlawful taking. *Horne v. Dep't of Agric.*, 135 S. Ct. 2419, 2431 (2015) ("[A] taking does not violate the Fifth Amendment unless there is no just compensation[.]"). In addition, injury to "business or property" is a necessary element of every civil RICO claim. *Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (holding that the elements of a civil RICO claim include causal injury to a plaintiff's "business or property").

Kearney also argues that her claims survive even if she cannot relitigate the value of the Property because she is also seeking damages for emotional distress and attorney's fees.[3] To permit such a theory of recovery, however, would upend California's policy against recognizing claims in a later and collateral lawsuit for damages based on misconduct occurring in earlier litigation. In *Kachig v. Boothe*, the California Court of Appeal refused to recognize a claim for intentional infliction of emotional distress based on litigation misconduct in an earlier proceeding, despite evidence that the plaintiff had suffered a wrong. 22 Cal. App. 3d 626, 642 n.2 (1971). The court in *Kachig* recognized that the plaintiff's emotional distress claim was different from a claim for fraud or malicious

---

[3] Emotional distress damages are personal injuries that are not compensable under RICO. *See Diaz v. Gates*, 420 F.3d 897, 899-900 (9th Cir. 2005) (en banc) (per curiam).

prosecution because it could be proven without relitigating the earlier judgment and thus was not necessarily barred by principles of collateral estoppel or res judicata. *Id*. at 640. Nevertheless, the court concluded that recognition of such a cause of action "would largely subvert the notion that false evidence must be discovered and exposed in the first trial to avoid multiplicity of litigation." *Id*. at 640-41.

Kearney's claims for emotional distress damages and attorney's fees fail for the same reason, even though she brings her claims under federal law and not state law. Were we to hold otherwise, a dissatisfied litigant could circumvent the California doctrine on the finality of judgments by seeking emotional distress damages or attorney's fees for alleged litigation misconduct committed in an earlier state court proceeding simply by asserting a federal claim in federal court. Such a result would be contrary to Congress's mandate that federal courts give full faith and credit to the judgments of state courts. *See* 28 U.S.C. § 1738; *Kremer*, 456 U.S. at 485. Thus, when a litigant's federal claim essentially is an attempt to relitigate a final state court judgment, all theories of damage under the federal claim must be disallowed.

**AFFIRMED**.